THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BILLY HAMMER, Defendant-Appellant.

Fourth District   No. 4—83—0327

Opinion filed December 6, 1983.—Modified on denial of rehearing February 8, 1984.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (John X. Breslin and John M. Wood, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE TRAPP delivered the opinion of the court:

Defendant was charged by information with the offense of unlawful delivery of a controlled substance. (Ill. Rev. Stat. 1981, ch. 56½, par. 1401.) At the time of the alleged offense, defendant was serving a sentence of probation after pleading guilty to a charge of possession of a controlled substance. On the basis of the delivery charge, the State filed a report of probation violation. After hearing evidence on the delivery offense, Judge Morthland found that the probation violation had been proved by a preponderance of the evidence. Defendant's probation was revoked pursuant to the terms of section 5—6—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—4) and he was sentenced to a term of three years' imprisonment. Defendant's counsel then raised other matters with the court, and the State's motion for reimbursement for the services of court-appointed counsel (Ill. Rev. Stat. 1981, ch. 38, par. 113—3.1) was heard. The court set reimbursement at $400. Defendant's bail in this cause was ordered held to reimburse the county for said services. Defendant appeals his conviction and the recoupment order of the circuit court of Macon County. Upon motion for rehearing, we have modified our pre-

vious opinion and find as follows.

We first consider the issues raised regarding the probation revocation. Defendant contends that (1) his probation violation was not proved by a preponderance of the evidence, and (2) the controlled substance was not properly admitted into evidence.

The testimony at the hearing on the report of a probation violation may be summarized as follows. Wendell Donaldson, police informant, testified that on December 13, 1982, at approximately 11 p.m. he went to defendant's home. There he received a small quantity of cocaine as partial payment for his proposed assistance in returning certain drugs to defendant which had been stolen from him by a third party. Donaldson personally used this cocaine.

Donaldson then called Officer Gerald Shields and arranged to make a police purchase of cocaine from defendant. He met Officer Shields at approximately 12:15 a.m., on December 14, 1982. Shields performed a pat-down search of Donaldson, checking his pockets and boots, gave him $50 to purchase cocaine and drove him to within three-quarters of a block of defendant's residence. Defendant was not at home when Donaldson arrived but he returned approximately 15 minutes later. Donaldson testified he purchased one-half gram of cocaine packaged in a folded piece of paper from the defendant. Donaldson left defendant's residence, walked to the location of Officer Shields' car, turned over the cocaine, and received $50 for his work.

Donaldson said that while he was at defendant's residence to make the cocaine purchase several other persons entered and made purchases. Donaldson acknowledged that at the time of the occurrence he had a drug habit.

Officer Shields corroborated Donaldson's testimony on arrangements for the cocaine purchase from defendant. Shields said he searched Donaldson and found no contraband. He observed Donaldson enter defendant's residence and later saw a white male enter the house. He watched as Donaldson later emerged from the house with a plastic bag of white powder. Donaldson did not meet anyone, stop or pick anything up on the street as he walked to the prearranged meeting location. Shields performed a field test on the substance Donaldson allegedly had purchased from defendant. He sent the remaining powder to the crime laboratory for analysis. Officer Shields testified that during the period of observation he saw only Donaldson and a white male enter the residence and saw only Donaldson leave.

John Martin, forensic scientist with the Illinois Department of Law Enforcement, identified the powder sent for analysis in this case as cocaine. Upon questioning by the court, Martin indicated that the

instruments used in identifying the substance were tested bimonthly or monthly; he could not state, however, when the instruments had been tested relative to the analysis of the substance in this case. Defendant's counsel asked no questions about the testing of the equipment and stated that he had no objections to the receipt of the cocaine exhibit into evidence.

Defendant contends the State failed to prove a probation violation by a preponderance of the evidence since Donaldson, a narcotic user and informant, was the only witness to the alleged transaction. Defendant recites the rule that a narcotics conviction may not rest on the uncorroborated testimony of an addict-informer. The fact that a witness is both an informer and a narcotics addict has a definite bearing on his credibility, although these factors do not necessarily render him unworthy of belief. His testimony, like that of an accomplice, must be carefully scrutinized. (*People v. Hill* (1967), 83 Ill. App. 2d 116, 227 N.E.2d 117.) In the cases cited by defendant this standard was applied in criminal proceedings requiring the defendant to be proved guilty beyond a reasonable doubt. (*People v. Porter* (1973), 13 Ill. App. 3d 437, 300 N.E.2d 314; see also *People v. Bazemore* (1962), 25 Ill. 2d 74, 182 N.E.2d 649; *People v. Luckett* (1977), 48 Ill. App. 3d 536, 362 N.E.2d 1297; *People v. Smith* (1979), 69 Ill. App. 3d 704, 388 N.E.2d 184.) This same standard does not adhere in a probation revocation proceeding. In *People v. Meyer* (1976), 43 Ill. App. 3d 109, 356 N.E.2d 1303, the defendant contended that the evidence at the hearing on a motion to revoke his probation was insufficient to prove a violation of probation since it was based upon the testimony of an accomplice whose reliability was strongly impeached. Defendant recited the rule that uncorroborated testimony of an accomplice shown to be unreliable is insufficient to support a conviction. This court held that that rule was only applicable when the burden is upon the State to prove the guilt beyond a reasonable doubt. We conclude that the distinction recognized in *Meyer* is applicable here.

■ In a proceeding to revoke probation, the State need prove the allegations of the petition only by a preponderance of the evidence. (*People v. Crowell* (1973), 53 Ill. 2d 447, 292 N.E.2d 721; Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—4(c).) A reviewing court should reverse only if the finding of the trial court is contrary to the manifest weight of the evidence. (*Crowell.*) The testimony of Donaldson was a direct account of the occurrence. Despite his status as an informant and narcotics user, his testimony had some weight. Moreover, his account of the occurrence was corroborated to some extent by the testimony of Officer Shields. Since there was no contrary evidence, we

cannot say that the trial court's finding was contrary to the manifest weight of the evidence.

■ Defendant next asserts that the trial court erred in admitting conclusions that the powdery substance in this case was cocaine without first requiring a foundation establishing that the State's scientific instruments were tested and certified as accurate. The State argues that this contention of error has been waived. We agree. It is elemental that defendant's objections to the sufficiency of the foundation for identification of the substance as cocaine may not be raised for the first time on appeal. *People v. Trefonas* (1956), 9 Ill. 2d 92, 136 N.E.2d 817; see also E. Cleary & M. Graham, Handbook of Illinois Evidence sec. 103.2 (3d ed. 1979 & 1983 Supp.).

Defendant also raises three issues concerning the propriety of the court's disposition of the State's motion for reimbursement for the services of court-appointed counsel: (1) Whether section 113—3.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 113—3.1) violates due process because it fails to provide for notice at the time the defendant posts bail or when a public defender is appointed that the defendant's bail money may be held to reimburse the county for the public defender's services; (2) whether the hearing afforded the defendant in this case satisfied the requirements of section 113—3.1; and (3) whether the trial court abused its discretion by ordering reimbursement under section 113—3.1 where the order was not based upon the county's actual cost of supplying counsel but upon the arbitrary amount of $50 per hour.

■ The constitutional argument raised by defendant has been considered and rejected by this court in *People v. Kelleher* (1983), 116 Ill. App. 3d 186, 452 N.E.2d 143, and in *People v. Bramlett* (1983), 118 Ill. App. 3d 1056.

We next consider defendant's argument that the hearing on the motion for reimbursement did not comport with the requirements of section 113—3.1(a). Defendant urges that the trial court's consideration of his financial status at the hearing was inadequate. The statute provides as follows:

"Whenever under either Section 113—3 of this Code or Rule 607 of the Illinois Supreme Court the court appoints counsel to represent a defendant, the court may order the defendant to pay to the Clerk of the Circuit Court a reasonable sum to reimburse either the county or the State for some or all of the costs of court-appointed counsel. In a hearing to determine the amount of the payment, the court shall consider the affidavit prepared by the defendant under Section 113—3 of this Code

and any other information pertaining to the defendant's financial circumstances which may be submitted by the parties."

The statute provides that any sum deposited as money bond with the clerk of the circuit court under section 110—7 of the Code may be used in the court's discretion in whole or in part to comply with any payment order entered under section 113—3.1(a). (Ill. Rev. Stat. 1981, ch. 38, par. 113—3.1(a).) In this case, defendant had posted bond in the amount of $500. The record on appeal contains no affidavit of assets and liabilities. The presentencing report indicated defendant had been unemployed since January 1983. He and his wife and child were dependent on public aid. The report indicated defendant owned an automobile valued at between $400 and $500.

■ The State contends defendant has waived this argument because he did not object below. We agree. Defendant was present and represented by counsel when the State's motion for reimbursement was heard. The trial judge inquired specifically whether the defendant wanted to comment on the assessment of attorney fees. The defendant answered in the negative. Where, as here, the order of reimbursement may be satisfied from the bail bond posted in the case, further inquiry into his ability to pay is not required. It is sufficient that defendant was afforded the opportunity to comment, which he declined.

■ Defendant's final argument regarding the judgment for reimbursement is that the court abused its discretion because the order was based upon the arbitrary amount of $50 per hour rather than the county's actual cost of supplying counsel. As this court stated in *Bramlett* reimbursement under section 113—3.1 must be computed with reference to the county's cost of providing the services of the public defender rather than the value of the legal services as such. The precise formula for estimating a county's cost in this regard will vary according to the particular circumstances and organization for the public defender's office involved in the case. Factors to be considered in the calculation of this cost might include the office rental, salaries, books, equipment, supplies, transportation and other costs of the public defender's office. Evidence of the county's cost of providing the services of the public defender must be presented in some form, and the amount of reimbursement should be calculated on the basis of this evidence. Herein, defendant's counsel indicated that he spent eight hours in representing defendant in this cause. No evidence of the county's costs was offered. Therefore, we reverse and vacate the order for reimbursement and remand the cause for a redetermination of the appropriate amount of reimbursement.

Defendant's conviction and sentence are affirmed; the reimbursement order is vacated and the cause remanded.

Affirmed in part, vacated in part, and remanded.

MILLS, P.J., and MILLER, J., concur.