133 Ill. App.3d 542 (1985)
478 N.E.2d 1206
In re B.R.J., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
B.R.J., Respondent-Appellant).
No. 4-84-0793.
Illinois Appellate Court  Fourth District.
Opinion filed May 30, 1985.
Daniel D. Yuhas and John J. Hanlon, both of State Appellate Defender's Office, of Springfield, for appellant.
Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and Gwendolyn Klingler, both of State's Attorneys Appellate Service Commission, of counsel), for the People.
Judgment affirmed.
JUSTICE MORTHLAND delivered the opinion of the court:
On August 5, 1983, a petition was filed in the circuit court of Champaign County alleging that B.R.J. had committed the offense of *543 burglary and two counts of theft, and that he was a delinquent minor. On October 4, 1983, the minor admitted one of the theft offenses, and the other theft and burglary charges were dismissed. He was then adjudged a delinquent and made a ward of the court. Before a dispositional hearing was held in the above matter, a supplemental petition was filed alleging the commission of two counts of aggravated battery and one count of theft. At the hearing on this supplemental petition on November 1, 1983, the minor admitted one charge of aggravated battery, and the second charge of aggravated battery and a charge of theft were dismissed. Again, the minor was found to be delinquent and made a ward of the court. A dispositional hearing was held on November 8, 1983, which resulted in the minor's being placed on probation for 18 months.
A petition to revoke his probation was filed December 13, 1983, alleging the commission of battery. B.R.J. admitted this offense, and at the March 22, 1984, dispositional hearing B.R.J. was sentenced to a new 18-month term of probation with several specified conditions. One of the conditions was that he report weekly to the probation office, another, that he perform 75 hours of public service work, and that he obtain and maintain employment that was consistent with his school schedule. The minor, his mother and his attorney asked at the hearing that the minor be placed in the custody of his father. The father was not present, and the court did not, at that time, make such placement, but ordered an investigation of the father's home and circumstances to be made by the court services department. At his hearing, the court addressed the minor and said:
"I am not today going to order you committed to the Illinois Department of Corrections. I will emphasize what I have emphasized before. That this is a case where I will encourage vigorous prosecution of any violations of any of the conditions of probation, because you have no further slack. But for the agreement, which I have spoken of between the attorneys, I would be sending you to the Department of Corrections now, today. Therefore, in order to avoid being sent to the Department of Corrections, [B.R.J.], it's essential that you abide by all the rules and conditions of probation. As a for instance, so you understand what I'm saying. The report shows that you have missed reporting eight times. In the event that after today, March 22, you fail to report once, I will commit you to the Department of Corrections. Not eight times. Once, and I want to make it clear that I am saying that. I don't think you are going to make it on the streets, [B.R.J.], I think you have too *544 big a mouth, and I think you are too aggressive. I think you have insufficient self-restraint, and under the circumstances, I might as well get along with the process of getting you to the Department of Corrections, Juvenile Division, sooner than later. I would be happy to be pleasantly surprised about not seeing you in my courtroom during the next eighteen months, but I think that's a rather long shot, at this stage. I don't think you are going to make it. I am telling you about the standards imposed. I require absolute obedience to them, because I want you to know out of a sense of fairness to you, I want you to know that you have no slack. That there is no violation you can commit of probationary conditions so small, that upon its being proven in this courtroom, you will not be committed to the Department of Corrections * * *."
On August 6, 1984, a petition to revoke probation was filed. Evidence was heard to the effect that the minor had performed nine out of 75 required hours of public service work up to the hearing date of October 23, 1984. The probation officer testified that the minor had agreed to complete the public service work by August 23, 1984. There was testimony that the minor had not reported on July 12 and July 30, and the minor said he missed these reporting dates because he forgot about the appointments. The minor had obtained a job after the filing of the petition to revoke but had lost the job because of his age. He did not have a job before the petition to revoke was filed.
He failed to report for public service work at Champaign Recycling, to the Champaign public library, and to a car wash, where he showed up one time only.
At the conclusion of the hearing the trial court found that the violation had been proved by a preponderance of the evidence and entered judgment on the finding.
The cause was allotted for a dispositional hearing on October 31, 1984. No evidence was presented at the dispositional hearing, but the court heard arguments of counsel at the conclusion of which the court committed the minor to the Department of Corrections, Juvenile Division.
The minor, B.R.J., appealed the order of commitment, contending that the evidence failed to prove that he had violated the conditions of his probation, and that the trial court abused its discretion in failing to consider alternative placement with his father, and further, that the trial court had determined in advance that the minor would be committed to the Department of Corrections for any violation of his probation, and that this was an abuse of discretion.
*545 With reference to the first contention, it is clear that the evidence is more than sufficient to show that the minor violated the conditions of his probation. He admittedly failed to report to the probation office on two occasions in July 1984. He failed to report to at least three sites for public service work, and performed only nine out of the required 75 hours.
 1 He did not obtain employment until after the petition to revoke probation was filed. Considering the history of this minor, and his total failure to conform to the rules of probation in this cause, the trial court was more than justified in revoking his probation. Failure to report to the probation officer alone, in the discretion of the trial court, is sufficient grounds to revoke probation. (People v. Freeman (1964), 49 Ill. App.2d 464, 200 N.E.2d 146.) Revocation of probation is a matter within the sound discretion of the trial court, and a reviewing court will not disturb the trial court's order unless there has been an abuse of discretion. (People v. White (1975), 33 Ill. App.3d 523, 338 N.E.2d 81.) There was no abuse of discretion here.
 2 The only time that it was suggested to the trial court that B.R.J. be placed with his father was at the dispositional hearing of March 22, 1984. The father did not appear at that hearing so that he could be questioned concerning his suitability as a custodian of the minor, but the court did order the court services department to investigate the father and his home as a suitable placement, and authorized them to make that placement should the department deem it to be feasible. Nothing further is shown of record concerning placement with the father. No further action was taken by the minor, his attorney, the father, or the court services department. The court cannot function in a vacuum and blindly make placements of minors. The trial court cannot be faulted here. The record also shows that at the dispositional hearing on October 31, 1984, when the minor was committed to the Department of Corrections, no one suggested that he should be placed with his father. Rather, the attorney for the minor suggested that the court wait until the minor became 17 on December 15, 1984, and sentence him to 30 days in jail as an adult.
 3 Finally, the minor contends that the trial court predetermined his fate in the event of a probation violation. We look upon the language that the court used at the March 22, 1984, dispositional hearing as an attempt on the part of the court to use "shock" or "reality" therapy as a last-ditch effort to obtain compliance with the rules of probation rather than, at that time, committing the minor to the Department of Corrections. This attempt did not work, no evidence was presented at the October 31, 1984, hearing suggesting any alternative *546 placement, and the trial court did not abuse its discretion in committing B.R.J. to the Department. The judgment of the circuit court is affirmed.
Affirmed.
McCULLOUGH and TRAPP, JJ., concur.