THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
TERRY E. COZAD, Defendant-Appellant.

Fourth District   No. 4—86—0484

Opinion filed July 16, 1987.

Daniel D. Yuhas and Richard D. Frazier, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Linda Cullom, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

On April 8, 1986, defendant, Terry E. Cozad, pleaded guilty to one count of burglary and was sentenced to three years' probation. The initial period of probation was to be served with the Champaign County Intensive Probation Service (IPS). His probation was revoked on June 23, 1986, for two curfew violations on June 10 and 11, 1986. He was resentenced to a term of imprisonment for five years.

Defendant appeals from the order revoking probation. He contends the revocation and resulting sentence represented an abuse of discretion by the trial judge. He also raises issues relating to reimbursement of attorney fees and due process.

The defendant was arrested on January 9, 1986, and charged with one count of burglary and one count of theft with a prior theft conviction in violation of sections 19—1 and 16—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, pars. 19—1, 16—1). Charges resulted from a January 9 burglary at Van's Pit Stop in Champaign.

The defendant, at the initial appearance on January 10, asked for a court-appointed attorney and filed an affidavit in support of his request. The affidavit stated defendant was unemployed, had last worked as a dishwasher, and did not expect to be called back to work. He had no other income, lived with his father, owned a necklace worth $40, and possessed $1.30 in cash. He owed $600 in court costs.

In response to the judge's inquiry at the initial appearance, the defendant told the court he was unemployed, had worked temporarily at his father's place of employment on and off for about a year, and made $8.50 an hour when he did work. The defendant worked one day in December, for which he was paid about $50, and had not worked during the month of January. Counsel was appointed for the defendant.

The court then informed the defendant it was entering an order requiring defendant to reimburse Champaign County $1,000 for the services of the court-appointed attorney. He stated the total fees or monthly payment amounts could increase or decrease, and the purpose of the order was to get the defendant to begin paying for the court-appointed attorney.

On April 8 defendant waived a jury trial and pleaded guilty to the burglary charge. He was sentenced to three years' probation, the initial period to be served with the Champaign County Intensive Probation Supervision unit (IPS). He was also ordered to pay court costs. The theft charge was dismissed.

The certificate of IPS probation dated April 8, 1986, provided, *inter alia*, that defendant must comply with all curfew conditions established in writing, and report as directed in writing by a probation officer. Defendant was also required to attend and participate in counseling and treatment programs as directed. He was ordered to report for public service work should he lack gainful employment. Defendant signed a certificate of service on April 8, 1986, which

stated that he fully understood the rules and provisions of his probation.

A 7 p.m. to 7 a.m. curfew was imposed in writing on April 8, 1986. Defendant was ordered to remain at his residence in Champaign during those hours. On May 8, 1986, defendant was directed as an additional condition of probation to seek evaluation and treatment by contacting Prairie Center or L.W.'s Place. He was ordered not to consume or possess any alcoholic beverages. An addendum to the presentencing report indicated that the defendant appeared at L.W.'s Place on May 30, 1986, and was given paperwork to fill out before reporting back to complete the evaluation. Defendant never returned.

At 11:32 p.m. on June 11, 1986, defendant was arrested in Urbana for violation of IPS probation. The State filed a petition to revoke probation on June 12, alleging the defendant violated his curfew on June 10 and 11. At a revocation hearing held on June 23, 1986, Robert Schwieter, supervisor of the Champaign County Intensive Probation unit, identified a standard curfew slip bearing the defendant's signature dated April 8 indicating that defendant understood his curfew requirements.

Patrick Connolly, a surveillance officer with the Champaign County IPS, testified he conducted a curfew check at defendant's residence June 10 at 8:58 p.m. Defendant was not present. Connolly returned at 10:22 p.m., but defendant was not at home.

Ted Kramer, an IPS surveillance officer, testified that on June 11 he went to 65 Northwood Drive, Urbana, at 11:32 p.m., and arrested the defendant for violating the IPS conditions. Kramer stated the defendant spoke clearly and walked to the vehicle under his own power with a steady gait.

The defense offered no evidence at the revocation hearing. The trial judge found the allegations of the petition had been proved. A presentence investigation and report were ordered and the judge continued the case for sentencing.

No further evidence was offered at the sentencing hearing. Defense counsel stated defendant's failure to complete the alcohol counseling was due to his inability to pay a required fee. The judge offered defendant an opportunity to address the court. Defendant admitted the curfew violation, stated it was alcohol related, and said he thought prison would do him more harm than good, since he would have "the same problem" upon his release. The judge addressed the subject of inability to pay:

"THE COURT: Well, first of all, I believe I ought to mention, because it has been alluded to by counsel, the matter of

Mr. Cozad not being able to raise the money to pay for the evaluation. If the specific nature of a probation violation was to be the criterion for sentencing or resentencing upon a revocation, I certainly wouldn't hold it against Mr. Cozad because he was unable to afford the cost of the evaluation. But, the precise nature of the violations of probation are not the criteria for resentencing when a defendant's probation is revoked. We are looking back to the initial offense for which the defendant was placed on probation in the first instance. And considering the violations only in the general context that the Defendant was unable to abide by the terms of probation generally, and that's why his probation would be revoked."

A sentence of five years was imposed. The judge stated, "The public does need protection from Mr. Cozad when he is drinking." The sentencing order credited the defendant with time served in the Champaign County Correctional Center, but not with any time served on probation. Notice of appeal was filed the same day.

The defendant initially argues revocation was an abuse of discretion since the defendant was an alcoholic, could not afford counseling, and the curfew violation stemmed from the alcohol problem. The State argues the curfew violation is not a financial condition, and the State need not show a wilful refusal to comply. The defense equates imposition of the probation condition ordering evaluation and treatment with imposition of a financial condition. This comparison fails.

Defendant's reliance on *Bearden v. Georgia* (1983), 461 U.S.660, 76 L. Ed. 2d 221, 103 S. Ct. 2064, is misplaced. That case held that in probation revocation proceedings for failure to pay a fine or restitution, the sentencing court must inquire into the reasons for failure to pay. In the absence of failure to make *bona fide* efforts to pay or refusal to pay, the court must impose punishment other than imprisonment unless the alternative measures are inadequate to meet the State's interest in punishment and deterrence. Defendant's references to *People v. Boucher* (1974), 57 Ill. 2d 225, 311 N.E.2d 679, and *People v. Harder* (1975), 59 Ill. 2d 563, 322 N.E.2d 470, do not fortify his position. In both cases, restitution was imposed as a condition of probation, and the supreme court found the State had not proved wilful failure to pay.

In this case, defendant was not ordered to pay restitution or a fine. He was ordered to stay home between 7 p.m. and 7 a.m. The record reflects the defendant acknowledged this condition of his probation and was well aware of it. Testimony at the revocation hearing indicated the defendant was not at home on the evenings of June 10

and 11, 1986. Defendant submitted no evidence at the revocation hearing supporting his contention he was an alcoholic or he was intoxicated on the night of his arrest for curfew violation. Defendant also offered no evidence supporting his argument that he could not afford the counseling treatment. The record does not show there was a charge. Nothing in the record indicates that defendant informed his probation officer of any cost or of his inability to afford it. The record does show the defendant was instructed in writing on May 8, 1986, to seek evaluation and treatment. Defendant reported to L.W.'s Place on May 30, 1986, and was given paperwork to complete before returning for the rest of his evaluation. He did not return.

The trial judge did address the issue of payment for the alcoholic evaluation at the revocation hearing, but noted the original offense, not the specific nature of the probation violation, was the criterion for resentencing following revocation of probation. The judge was sensitive to the distinction between matters relating to defendant's finances and matters relating to defendant's conduct while on probation.

Section 5—6—4(c) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—4(c)) states:

"The State has the burden of going forward with the evidence and proving the violation by the preponderance of the evidence. The evidence shall be presented in open court with the right of confrontation, cross-examination, and representation by counsel." Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—4(c).

Failure to report to the probation officer alone was sufficient grounds to revoke probation in *In re B.R.J.* (1985), 133 Ill. App. 3d 542, 545, 478 N.E.2d 1206, 1208. In affirming the revocation of probation, this court concluded that a single instance of failure to report constituted sufficient evidence to prove the violation by a preponderance of the evidence.

In this case, the State presented uncontroverted evidence by three witnesses who testified defendant knew his curfew restrictions and violated them on June 10 and 11, 1986. The State clearly met its burden of proving the violation by the preponderance of the evidence. There is no suggestion that the rights of confrontation, cross-examination, and representation by counsel were absent during the proceedings.

■ An order granting or revoking probation is within the trial court's discretion and absent an abuse of discretion the reviewing court will not disturb the order. *(People v. Sims* (1965), 32 Ill. 2d

591, 596, 208 N.E.2d 569, 572.) Probation revocation is subject to review, but a reviewing court will not disturb the finding unless it is against the manifest weight of the evidence. (*People v. Cooper* (1977), 66 Ill. 2d 509, 514, 363 N.E.2d 817, 819.) Here, the judge had ample evidence from which to conclude the defendant violated the conditions of his probation. The judgment to revoke probation was not an abuse of discretion.

Defendant argues the trial court abused its discretion in revoking probation since his conduct was nonculpable, stemming from an alcoholic condition, and the purpose for which the defendant was placed on probation can still be fulfilled. The State asserts the defendant's conduct was not nonculpable.

Although an additional condition of probation was imposed May 8 ordering defendant to refrain from possessing or consuming alcoholic beverages, no evidence was introduced at the revocation hearing supporting the contention that the defendant violated curfew on June 10 and 11 because he was intoxicated. Defendant did not establish that his curfew violations were nonculpable.

Intensive probation supervision is used for those criminal defendants found guilty of felonies who meet all of the criteria to be sentenced to the penitentiary. It is a specialized program to provide intensive supervision and services to a limited caseload of high-risk, nonviolent felony offenders. It is important the orders of probation be complied with.

■ Even if the defendant's conduct was nonculpable, it frustrated the goals of probation as stated by this court in *People v. Davis* (1984), 123 Ill. App. 3d 349, 353, 462 N.E.2d 824, 827. The two primary purposes of probation are (1) to rehabilitate the defendant without sending him or her to prison, and (2) to protect the public from the type of conduct that led to the placement of the defendant on probation.

■ The violation of curfew in this case frustrates both goals of probation. The rehabilitative goal is not served by the defendant's inability to comply with limitations on his conduct. Imposition of curfew also protects the public, since the record shows that the burglary for which the defendant was convicted occurred at approximately 3 a.m. The defendant's absence from his home at 8:58 p.m. and 10:22 p.m. on June 10, and at 11:32 p.m. on June 11, risked the public safety. There was no abuse of discretion in revoking the defendant's probation.

■ Defendant further claims the trial court erred in ordering him to reimburse Champaign County $1,000 for the services of his

court-appointed counsel. He claims that the order was in error because: (1) $1,000 was an arbitrary amount not based on the county's actual cost of furnishing counsel; and (2) he lacked the foreseeable ability to reimburse and has not become able to reimburse. The State contends that these issues were not addressed below and are waived. We agree.

Section 113—3.1 of the Code of Criminal Procedure of 1963 allows the court to order reimbursement to the county for representation by court-appointed counsel. (Ill. Rev. Stat. 1985, ch. 38, par. 113—3.1.) At a hearing to determine the amount of payment, the court shall consider defendant's affidavit and any other financial information submitted by the parties. The hearing may be conducted at any time after appointment of counsel but no later than 90 days after a final order is entered by the trial court. The court or any party can move to reduce, increase, suspend or modify the payment following notice and hearing. (Ill. Rev. Stat. 1985, ch. 38, par. 113—3.1(c).) The amount of reimbursement may not exceed $5,000 for a defendant charged with a felony. Ill. Rev. Stat. 1985, ch. 38, par. 113—3.1(b).

The amount of the reimbursement order was not objected to at either the initial appearance or the original sentencing hearing. Generally, in an appeal from a probation revocation hearing, review is restricted to issues arising out of the revocation proceeding. (*People v. Stueve* (1977), 66 Ill. 2d 174, 361 N.E.2d 579.) An issue not objected to or preserved in the trial court is waived on appeal. (*People v. Hammer* (1983), 121 Ill. App. 3d 133, 138, 459 N.E.2d 1, 3.) No exception to the waiver doctrine is present here. We find this issue is waived.

However, the circumstances of this case require comment. This court has previously held reimbursement must be computed with reference to the county's actual cost, not the value of legal services rendered. (*People v. Pumphrey* (1984), 123 Ill. App. 3d 191, 193, 462 N.E.2d 834, 834-35; *People v. Bramlett* (1983), 118 Ill. App. 3d 1056, 1063, 455 N.E.2d 1092, 1096; *People v. Hammer* (1983), 121 Ill. App. 3d 133, 138, 459 N.E.2d 1, 4.) We recently overruled this requirement in *People v. Brown* (1987), 154 Ill. App. 3d 692, 506 N.E.2d 1059, in which we held that the reasonableness standards of section 113—3(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 113—3(c)) apply to reimbursement under section 113—3.1. The court should consider all relevant circumstances, including the time spent while court is in session, other time spent in representing the defendant, and expenses reasonably incurred, as

well as the defendant's affidavit, financial circumstances, and statutory limitations.

■ The fee of $500 in *Brown* was held sufficient based on legal services relating to four days of court proceedings. In this case any statement of legal services rendered would have been speculative at best, since the reimbursement order was entered at defendant's initial appearance on January 10, minutes after his attorney was appointed and nearly three months before he pleaded guilty before a different judge and was sentenced. There was no basis from which the judge could examine the time spent in and out of court or expenses incurred. The record does show that the judge considered defendant's affidavit and inquired into defendant's financial circumstances. The amount of reimbursement was within the statutory limit. Although section 113—3.1(c) allows that court or any party to move to reduce, increase, or suspend payment in the interest of fairness, we believe this procedure was not intended to substitute for the careful consideration of evidence of services rendered at a time when such evidence is available. Assessing attorney fees for purposes of reimbursement in advance of services being rendered is not appropriate.

■ The defendant asserts that denying sentence credit for time spent on probation was an abuse of discretion where the defendant had an alcohol problem, was unable to afford an alcohol evaluation, and had committed no crimes while on probation. The State contends the trial judge did not err in denying sentence credit for time served on probation.

Section 5—6—4(h) of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—4(h)) provides:

> "Resentencing after revocation of probation, conditional discharge or supervision shall be under Article 4. Time served on probation, conditional discharge or supervision shall be credited by the court against a sentence of imprisonment or periodic imprisonment unless the court orders otherwise."

The trial court judge is accorded broad discretion in granting or denying credit for time served on probation. (*People v. Scheib* (1978), 59 Ill. App. 3d 104, 375 N.E.2d 132, *rev'd in part on other grounds* (1979), 76 Ill. 2d 244, 390 N.E.2d 872; *People v. Chumbley* (1982), 106 Ill. App. 3d 72, 435 N.E.2d 811.) The decision rests within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *People v. Cox* (1980), 82 Ill. 2d 268, 279-80, 412 N.E.2d 541, 547.

■ This court has set forth two factors to be considered in de-

termining whether an abuse of discretion in such cases occurred: (1) defendant's conduct during probation, and (2) the sentence imposed by the trial judge. *People v. Chumbley* (1982), 106 Ill. App. 3d 72, 76, 435 N.E.2d 811, 814.

In this case, defendant committed no crimes while on probation. However, the presentence report stated he violated curfew on six different occasions, failed to report to his probation officer on May 9, was late for a meeting with his probation officer on April 23 and was intoxicated at the time of his arrival. The defendant's intoxication was characterized as "almost daily." The defendant had maintained employment only from May 14 through June 8 and failed to report for public service work at any time during the period of probation when he was not otherwise employed.

The trial court on sentencing after revocation of probation is authorized by statute to consider the defendant's conduct through the time of the sentencing hearing. Section 5—5—3.2(a)(3) of the Code specifies as an aggravating factor that "the defendant has a history of prior delinquency or criminal activity." Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(a)(3); *People v. Young* (1985), 138 Ill. App. 3d 130, 485 N.E.2d 443.

Defendant here had a substantial juvenile record and was subsequently committed to the Illinois Department of Corrections, Juvenile Division. As an adult he was convicted of theft and twice convicted for resisting a police officer. Defendant was sentenced to several terms of probation as a juvenile and as an adult. The trial judge could have considered these facts in concluding the defendant's conduct was sufficient to deny credit for time served on probation.

A sentence imposed within the statutory limitation will not be overturned on appeal absent an abuse of discretion. (*People v. Cox* (1980), 82 Ill. 2d 268, 279-80, 412 N.E.2d 541, 547; *People v. Weatherall* (1985), 131 Ill. App. 3d 867, 476 N.E.2d 489.) Here, the trial judge imposed five years' imprisonment following a finding the defendant had violated the terms of his probation. The original offense for which the defendant was placed on probation was burglary. (Ill. Rev. Stat. 1985, ch. 38, par. 19—1.) The sentence for burglary at the time of the offense was not less than three and not more than seven years. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(5).) The sentence was well within the statutory limitations. We find no merit to defendant's claim of abuse of discretion.

Defendant finally contends that due process was not afforded at the revocation hearing. He asserts due process guarantees were not met by the trial judge's failure to provide a written statement of

the evidence relied upon and the reasons for revoking probation as required by *Black v. Romano* (1985), 471 U.S. 606, 85 L. Ed. 2d 636, 105 S. Ct. 2254. In that case, the court reaffirmed the due process requirements set forth by *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 36 L. Ed. 2d 656, 93 S. Ct. 1756, that necessitate a written statement by the fact finder as to the evidence relied upon and the reasons for revoking probation. The State argues the basis for the revocation is supplied by the record and there is no prejudice to the defendant.

The record here does not contain a written memorandum by the judge, and the transcript of the revocation hearing shows the following statements relative to the court's reasons for revoking:

> "The Court: All right. We'll show evidence heard. Finding that the allegations of the petition to revoke Defendant's probation have been proved. Judgment on the finding."

Defendant's argument fails to consider *People v. Beard* (1974), 59 Ill. 2d 220, 319 N.E.2d 745, *cert. denied* (1975), 421 U.S. 992, 44 L. Ed. 2d 483, 95 S. Ct. 1999, in which the supreme court held the due process requirements of *Gagnon* were satisfied by the Illinois statute governing probation revocation. The court found that since a judicial hearing was required prior to revocation, evidence was to be presented in open court, the defendant had a right of confrontation, cross-examination, and representation by counsel, and defendant could appeal an adverse decision under Supreme Court Rule 604(b), the procedural safeguards of *Gagnon* were met. 59 Ill. 2d 220, 226, 319 N.E.2d 745, 747-48, citing Ill. Rev. Stat. 1973, ch. 38, par. 1005—6—4; 56 Ill. 2d R. 604(b).

Illinois courts have modified some aspects of the due process requirement in light of the protections afforded by the Illinois statute. The requirement of a preliminary revocation hearing prior to a final hearing on revocation was found unnecessary in *People v. Monick* (1977), 51 Ill. App. 3d 783, 786, 367 N.E.2d 225, 228. The appellate court noted that probation in *Gagnon* was revoked by an administrative body without a hearing, whereas such action in Illinois can only be taken following a judicial hearing in which proof of the violation must be by a preponderance of the evidence. A written statement detailing the evidence relied upon and reasons for revoking probation was also found inessential. The court found it sufficient that the trial court's written order stated the prosecution had proved a violation of a particular paragraph of the probation order. The court concluded that the record fully supplied the basis for the revocation and the lack of a statement of reasons for revocation resulted in no apparent

prejudice to the defendant. 51 Ill. App. 3d 783, 789, 367 N.E.2d 225, 230.

Due process requirements were met in this case. The defendant's probation was revoked following a hearing pursuant to section 5—6—4 of the Code. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—4.) The record shows the defendant had an opportunity to present evidence in open court, the right of confrontation was observed, the defendant had an opportunity to cross-examine witnesses, and the defendant was represented by counsel. In addition, the defendant has exercised his right to appeal the adverse decision. Under the rationale set forth in *Beard*, the procedural safeguards of *Gagnon* have been met.

The record here contains the basis for revoking probation and the evidence relied upon. The only violations alleged in the State's petition were two curfew violations. At the revocation hearing, testimony related exclusively to the curfew violations. The trial judge stated the allegations of the petition had been proved. The defendant has not shown that the lack of a written statement detailing the evidence relied upon and the reasons for revoking probation have prejudiced him in any respect.

■■ Finally, defendant alleges the trial court failed to determine the grounds upon which revocation of probation was based. He cites in support *United States v. Smith* (8th Cir. 1985), 767 F.2d 521, 524, in which the appeals court noted the record below failed to indicate which of two different charges supplied the basis for revocation. As applied here, this argument goes too far. The record shows that two curfew violations, on June 10 and 11, 1986, were the basis for the State's petition to revoke probation. At the revocation hearing, the trial judge stated the allegations of the petition had been proved. To require the judge to specify one of two identical grounds as a basis for revocation would needlessly prolong the matter and serve little, if any, interest of the probationer.

For the foregoing reasons, we conclude the defendant's claims must fail, and we affirm the decision of the circuit court.

Affirmed.

SPITZ, P.J., and LUND, J., concur.