THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM E. COLLINS, Defendant-Appellant.

Fourth District   No. 4—89—0734

Opinion filed June 27, 1990.

Donald M. Craven, of Donald M. Craven, P.C., of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and Beth McGann, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:
After a bench trial based upon a stipulation of facts, videotape,

and audiotape, defendant was convicted of one count of possession with intent to deliver cocaine (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(b)(2)) and one count of possession with intent to deliver cannabis (Ill. Rev. Stat. 1987, ch. 56½, par. 705(c)). Subsequently, the trial court sentenced defendant to concurrent terms of four years' incarceration for the cocaine conviction and one year's incarceration for the cannabis conviction.

Defendant appeals, arguing the evidence was insufficient to rebut his entrapment defense, he was denied effective assistance of counsel, and the trial court abused its discretion in sentencing.

We affirm.

Defendant is a former guard at the Logan Correctional Center (Center). In early September 1987, an inmate at the Center telephoned Special Agent Erlenbush of the Illinois State Police, Division of Internal Investigation. The inmate had information concerning a guard who had been smuggling drugs into the Center. On September 9, 1987, Erlenbush gave the inmate a telephone number to give to the correctional guard. On September 11, 1987, the inmate gave defendant a piece of paper with the telephone number, dates, and times defendant could call if he wished to make money. On September 12, 1987, at approximately 10:45 a.m., defendant called Special Agent Dan Reed ("Dennis") and told Reed he wanted to make some extra money. Reed told defendant he was bringing in some "pot" and "coke," although he did not specify the quantity. After Reed asked how much defendant charged for taking the contraband into the prison, defendant told him $150. The men arranged a meeting.

On September 15, 1987, Reed and Special Agent Brenda Taylor observed defendant enter the K mart parking lot in Springfield. Defendant exited the vehicle he was in and approached the officers' vehicle. After he entered the officers' vehicle, Taylor gave defendant two heat-sealed packages containing cocaine and cannabis. She also gave defendant $150. Defendant placed the currency in his pocket and placed the drugs in his sock. During the conversation, defendant told the agents there was no problem getting the drugs into the prison, as he was a guard. Defendant stated he could take in anything "Dennis" wanted and smuggling was easier in the winter because he wore bulky clothing. Defendant told Reed to call him when Reed wanted to send more drugs.

Subsequently, the police arrested defendant. In a statement to the police, defendant stated he did not intend to take the drugs into the prison. He was going to give them to someone else to be sold on the street. Therefore, he could keep the $150 and be paid by the person

who would eventually sell the drugs on the street. Defendant stated he saw this as an easy way to make money. This was the first time he had ever agreed to take drugs into the prison. An inmate had repeatedly pressured him to bring narcotics into the facility. He had resisted for a while but then agreed.

During the trial, defense counsel stated defendant was not stipulating to the fact that defendant was the guard suspected of smuggling narcotics by the inmate.

The trial court viewed a videotape and listened to an audiotape of the exchange which occurred on September 15, 1987. Neither of these tapes is a part of the record on appeal. However, the record does contain a transcript of the audiotape. During the conversation, defendant stated it was easy to smuggle in the cool weather. Additionally, he was involved in athletics, which made it easier to get in. Defendant indicated it took a long time to "hook up" because he had gotten into trouble, was skeptical about the contact, but found out the contact was legitimate. Defendant offered to transport as much contraband as Dennis wanted to bring into the prison. Defendant said he would let the contact call Dennis and have the contact tell defendant when Dennis was ready for defendant to contact him.

The trial judge found the State had presented sufficient evidence to rebut defendant's entrapment defense. She considered (1) all of the circumstances of the transaction, including the conversation prior to and during the exchange; (2) that defendant set the price; (3) that defendant quickly contacted the police officer to set up the exchange; and (4) from viewing the tapes, defendant appeared to be bragging about his ability to bring narcotics into the prison.

At sentencing, the court stated probation would deprecate the seriousness of the offense, this type of offense could cause serious harm, defendant was in a position of trust, and defendant had no prior criminal convictions. The court sentenced defendant to the minimum sentence of imprisonment on both convictions.

■ We note defendant alleges his counsel was ineffective. However, defendant does not argue this issue and has not cited any authorities in support of his statement. Failure to argue a proposition and refer to relevant authorities constitutes a waiver of the issue. (*People v. Porter* (1986), 111 Ill. 2d 386, 489 N.E.2d 1329; 107 Ill. 2d R. 341(e)(7).) We will not address this contention.

Defendant next argues the State failed to prove beyond a reasonable doubt that he was not predisposed to commit the instant offenses. Section 7–12 of the Criminal Code of 1961 states:

"Entrapment. A person is not guilty of an offense if his con-

duct is incited or induced by a public officer or employee, or agent of either, for the purpose of obtaining evidence for the prosecution of such person. However, this Section is inapplicable if a public officer or employee, or agent of either, merely affords to such person the opportunity or facility for committing an offense in furtherance of a criminal purpose which such person has originated." Ill. Rev. Stat. 1987, ch. 38, par. 7—12.

██ █ Once a defendant has presented some evidence in support of this defense, the State must prove that defendant was not entrapped. (*People v. Chanath* (1989), 184 Ill. App. 3d 521, 540 N.E.2d 468.) Entrapment is established when the criminal design originates with government officials, they implant in the mind of an innocent person the disposition to commit the offense, and induce its commission in order to prosecute. (*Sorrells v. United States* (1932), 287 U.S. 435, 442, 77 L. Ed. 413, 417, 53 S. Ct. 210, 212-13; *People v. Gaytan* (1989), 186 Ill. App. 3d 919, 542 N.E.2d 1163; *People v. Gresham* (1981), 96 Ill. App. 3d 581, 421 N.E.2d 1053; Ill. Rev. Stat. 1987, ch. 38, par. 7—12.) Where a defendant already has an intent to commit a crime, and does so merely because an officer affords him an opportunity to commit the crime or purposely aids and encourages him in its perpetration, there is no entrapment. (*Gaytan*, 186 Ill. App. 3d 919, 542 N.E.2d 1163.) A defendant's predisposition to commit a crime is one of the crucial elements of the entrapment defense. *People v. Schillaci* (1988), 171 Ill. App. 3d 510, 526 N.E.2d 871.

██ Here, the only disputed factor is whether the trial court erred in finding defendant was predisposed to commit the offense. Whether a defendant was predisposed to commit the offense is a fact question. (*Schillaci*, 171 Ill. App. 3d 510, 526 N.E.2d 871; *People v. Norks* (1985), 137 Ill. App. 3d 1078, 484 N.E.2d 1261.) Among the factors courts have considered in determining predisposition include: (1) the defendant's initial reluctance or ready agreement to commit the offense; (2) whether defendant has engaged in a course of conduct involving similar offenses; (3) defendant's familiarity with drugs; and (4) his willingness to accommodate the needs of others involved in the transaction. *Schillaci*, 171 Ill. App. 3d 510, 526 N.E.2d 871; *People v. Beavers* (1986), 141 Ill. App. 3d 790, 491 N.E.2d 438.

██ Here, the stipulated facts indicate defendant reluctantly acceded to the inmate's repeated suggestion he call Dennis. However, during the conversation on September 15, 1987, defendant indicated his initial reluctance was due to his suspicion of the inmate. After defendant resolved this suspicion, he promptly contacted Dennis. Defendant also offered to transport additional contraband into the fa-

cility. He boasted of his ability to engage in smuggling. These statements indicate defendant was predisposed to commit the offense.

The finding of predisposition is strengthened if we accept defendant's stated intent. The State did not charge defendant with unauthorized bringing of contraband into a penal institution. (Ill. Rev. Stat. 1987, ch. 38, par. 31A—1.1.) Defendant's statements indicate he intended to take the drugs and sell them to another person. The government's actions were focused upon preventing the smuggling of contraband into a penal institution. Thus, defendant's statements support a finding that he was predisposed to commit the offense charged. Defendant's intent, if his statements are believed, was to perpetrate a fraud upon the drug dealers and profit twice from his possession and sale of the drugs. Thus, defendant participated in the transaction for his own criminal purpose.

■ Defendant next argues the trial court abused its discretion by not sentencing him to probation. Defendant notes he is attending college, employed, and is a first offender. Defendant contends he is a good candidate for probation. Defendant urges this court to reduce his sentence. A sentence will be reduced by a reviewing court only if the trial court abused its discretion and the sentence constitutes a substantial departure from the law. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) When the sentence imposed is within the limits established by the legislature, it will not be modified because the reviewing court would have balanced sentencing factors differently. *People v. Jorgensen* (1989), 182 Ill. App. 3d 335, 538 N.E.2d 758; *People v. Cozad* (1987), 158 Ill. App. 3d 664, 511 N.E.2d 211, *cert. denied* (1988), 485 U.S. 964, 99 L. Ed. 2d 432, 108 S. Ct. 1233.

■ In the instant case, the trial court considered mitigating and aggravating factors. The trial judge noted probation would deprecate the seriousness of the offenses. The judge sentenced defendant to concurrent terms of four years on the cocaine conviction and one year's incarceration on the cannabis conviction. These were the minimum periods of incarceration authorized by the statutory framework. (Ill. Rev. Stat. 1987, ch. 56½, pars. 1401(b), 705(c); Ill. Rev. Stat. 1987, ch. 38, pars. 1005—8—1(a)(4), (a)(7).) No abuse of discretion occurred.

For the above reasons, we affirm the trial court.

Affirmed.

LUND and SPITZ, JJ., concur.