NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 210246-U

NOS. 4-21-0246, 4-21-0247 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Jersey County |
| GREG WINSLOW, | ) | Nos. 18CF183 |
| Defendant-Appellant. | ) | 18CF274 |
| | ) | |
| | ) | Honorable |
| | ) | Allison Lorton, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Presiding Justice DeArmond and Justice Turner concurred in the judgment.

**ORDER**

¶ 1     *Held*: (1) The trial court's revocation of probation was not an abuse of discretion and
(2) the court's sentence was not unauthorized.

¶ 2     The trial court sentenced defendant, Greg Winslow, to two consecutive four year

terms of imprisonment for two offenses, pursuant to a fully negotiated plea agreement, but stayed

the prison sentence pending defendant's successful completion of a two-year period of probation.

The State filed a petition to revoke defendant's probation for his failure to obtain an alcohol and

drug evaluation and complete recommended treatment. After an evidentiary hearing, the court

revoked defendant's probation and sentenced him consistent with the terms of the original

sentencing order. Defendant filed a motion to reconsider his sentence, which the court denied.

¶ 3     Defendant raises two issues. First, he claims the trial court abused its discretion by

revoking his probation based on his failure to obtain mental health treatment. Second, he argues

the court imposed an unauthorized sentence because the term for each offense exceeded the five-year statutory maximum period of incarceration.

¶ 4　　　　This is a consolidated appeal of Jersey County case Nos. 18-CF-183 and 18-CF-274. These matters were docketed as appellate court case Nos. 4-21-0246 and 4-21-0247. We consolidated the appeals on motion of the defendant on November 3, 2021.

¶ 5　　　　We affirm the judgments of the trial court.

¶ 6　　　　　　　　　　I. BACKGROUND

¶ 7　　　　On August 8, 2018, the State filed a single count of unlawful possession of methamphetamine in Jersey County case No. 18-CF-183 (720 ILCS 646/60(a) (West 2018)), alleging defendant possessed less than five grams of methamphetamine. On December 10, 2018, in Jersey County case No. 18-CF-274, the State charged defendant with three counts of (1) unlawful possession of methamphetamine (720 ILCS 646/60(a) (West 2018)) for possessing on another occasion less than five grams of methamphetamine, (2) unlawful possession of drug paraphernalia (720 ILCS 600/3.5(a) (West 2018)) for possession of a glass pipe, and (3) unlawful waste and failure to destroy usable meat (520 ILCS 5/2.33(hh) (West 2018)) for wasting or failing to destroy the meat of a harvested deer.

¶ 8　　　　On January 19, 2019, defendant pleaded guilty to both charges of unlawful possession of methamphetamine and the State moved to dismiss the remaining charges, pursuant to a negotiated plea agreement. In exchange for his plea, the State agreed to recommend a sentence of four years' imprisonment on each charge, to be served consecutively, but the terms of incarceration would be stayed pending successful completion of a two-year period of probation. The trial court accepted the negotiated disposition, and sentenced defendant accordingly.

¶ 9        The order specifying the terms of probation included that defendant would "undergo Substance Abuse Evaluation/Treatment/Counseling as directed by Probation *** with Defendant successfully completing counseling and advising Probation in writing" of the completion of the evaluation within 60 days and of the treatment within 90 days. Defendant initialed this condition and signed the order acknowledging he had read and understood the conditions. During the plea colloquy, the trial court advised defendant of the evaluation and treatment conditions, and that if he did not successfully complete the term of probation, he could be sentenced to up to eight years of imprisonment. Defendant advised the court he understood the conditions of the sentencing order.

¶ 10       On April 29, 2019, the State filed a "Motion to Lift IDOC Stay," which the parties agree is tantamount to a petition to revoke defendant's probation. The petition alleged defendant had violated the terms of his probation by failing "to provide proof of undergoing and completing substance abuse evaluation/treatment/counseling as directed" within the 60- and 90-day respective periods provided for in the sentencing order. The matter was scheduled for hearing on May 13, 2019.

¶ 11       After several continuances for various reasons, during which period defendant provided some medical records to the trial court, on February 24, 2020, defendant appeared on the petition to revoke. The court noted defendant had been ordered to undergo alcohol or drug treatment, but defendant had not done so since the entry of the order, and that mental health treatment had been suggested. In continuing the matter 90 days, the court advised defendant if he returned "with documentation" he had "attended each and every appointment" and was "making progress," they would "talk about it." If defendant failed to take these steps, the court warned

defendant it would likely send him to prison for eight years. When asked if he understood, defendant told the court he did.

¶ 12 On July 13, 2020, defendant again appeared before the trial court on the petition to revoke. The court again reminded defendant (1) of the 60- and 90-day deadlines for substance abuse evaluation and treatment, respectively, (2) that in April 2019, the State filed a petition alleging defendant's failure to comply constituted a violation of the terms of probation, and (3) the matter had been continued many times for defendant to provide proof of treatment. Defendant acknowledged he "needed to get the records" and offered he was "just a little slow at doing those things." As well, defendant acknowledged the mental-health-treatment issue was a separate one. In response, the court told defendant:

> "You're gonna come back in 30 days and in within [*sic*] that 30 days you're going to somehow find this assessment that you're supposed to get 60 days after January and you're gonna provide to me proof proof [*sic*] of treatment. Either from that time period or from when this petition was filed in April of 2019. My guess is you don't have any of that stuff. You don't have anything put together. You haven't done a thing since this started but I'm gonna give you a chance to bring that in on the next court date ***."

¶ 13 On August 17, 2020, the trial court noted defendant's "Proof of evaluation" had been provided to the probation officer, and ordered defendant, who also signed the order, "to contact Centerstone about treatment." The record indicates the evaluation was completed in February 2020, and it was provided by Centerstone to the probation office.

¶ 14 On January 11, 2021, the trial court held an evidentiary hearing on the petition to revoke defendant's probation, which defendant attended. Codi Poe, the probation officer

supervising defendant, testified (1) defendant had never provided a substance abuse evaluation or document evidencing completion of substance abuse treatment as provided for in the initial sentencing order, (2) defendant's evaluation was not provided to the court until August 2020, (3) the evaluation was performed in February 2020, (4) documents provided by Centerstone showed defendant had a care plan, and (5) no document she received revealed when or if defendant had attended any type of treatment, or whether he was actively engaged in treatment. Defendant did not testify. The court found the State had proven defendant had been given "years" to comply "with the reporting requirements of probation with respect to his treatment." Thus, there was "sufficient evidence to support the violation of the order of probation." The court ordered a presentence investigation.

¶ 15 On March 22, 2021, the trial court held a sentencing hearing at which defendant failed to appear. The court sentenced defendant to four years of imprisonment on each count, to be served consecutively.

¶ 16 On April 14, 2021, defendant filed a motion to vacate the trial court's sentencing order and reconsider the sentence. On April 26, 2021, the court denied the motion.

¶ 17 This appeal followed.

¶ 18 II. ANALYSIS

¶ 19 A. Standard of Review

¶ 20 We review a trial court's decision to revoke probation for an abuse of discretion, and we will reverse the underlying findings only if they are against the manifest weight of the evidence. *People v. Cozad*, 158 Ill. App. 3d 664, 670 (1987). A court abuses its discretion when no reasonable person would agree with it, or if its decision "is arbitrary, unreasonable, or unconscionable." *People v. Bassette*, 391 Ill. App. 3d 453, 457 (2009).

¶ 21                    B. The Trial Court Did Not Abuse Its Discretion

¶ 22                    1. Mental Health Treatment Was Not the Basis for Revocation

¶ 23          Defendant premises much of his argument on his claim the trial court determined to revoke his probation for his failure to comply with its orders relative to obtaining a mental health evaluation and treatment. He claims (1) the court found he violated a "vague discretionary condition" not contained in a written certificate of conditions, (2) the State did not allege this violation such that he had no notice, and (3) he submitted some evidence of mental health treatment.

¶ 24          However, we conclude the record indicates the trial court did not rely on defendant's failure to undergo mental health treatment, but rather on his failures related to drug and alcohol treatment. In the petition to revoke probation, the State alleged defendant had failed "to provide proof of undergoing and completing substance abuse evaluation/treatment/counseling as directed" within the time frames specified. The record is clear the court repeatedly reminded defendant of these requirements and defendant repeatedly acknowledged his awareness of the same.

¶ 25          Further, the unrebutted testimony at the revocation hearing demonstrated defendant failed to provide proof of an alcohol and drug evaluation, or proof of treatment for substance use within the required time frame to his probation officer.

¶ 26          The trial court found defendant failed to comply with the "reporting requirements" of his probation relative to his substance abuse treatment, without considering mental health treatment. The context is clear the court's findings related to the substance abuse treatment requirements, in great part because that was the evidence the State presented.

¶ 27 Thus, defendant's claim his probation was revoked for failing to comply with mental-health-related requirements is not supported by the record.

¶ 28                    2. Revocation Was Not an Abuse of Discretion

¶ 29 Turning to the trial court's revocation of defendant's probation for failing to comply with the terms of his probation, the order containing the conditions of probation clearly required defendant to obtain a substance abuse evaluation within 60 days and complete treatment within 90 days, and to report completion of these tasks in writing to the probation office. Likewise, the petition to revoke explicitly alleged defendant's failure to comply with these requirements.

¶ 30 Throughout the course of this matter, even after the entry of the order directing defendant to obtain mental health treatment, the trial court emphatically reminded defendant of the requirements relative to the substance abuse evaluation and treatment, the need to provide proof, and that for failing to comply he could go to prison. As well, defendant acknowledged the court's warnings and directions. Assuming, *arguendo*, defendant did not understand, there is nothing in the record on appeal to suggest he ever sought clarification.

¶ 31 There are striking similarities between this case and *Cozad*, 158 Ill. App. 3d at 670, where we affirmed the revocation of the defendant's probation based solely on two curfew violations. There, the testimony of the State's witnesses was uncontroverted that the defendant knew about the curfew and violated it on two consecutive nights. *Id.* at 669. The record also reflected "the defendant acknowledged this condition of his probation and was well aware of it." *Id.* at 668. We noted even a single instance of failing to report to probation can be sufficient to support revocation. *Id.* at 669. Further, the rehabilitative aspect of probation is frustrated when a defendant fails to comply with the conditions of probation. *Id.* at 670. In addition, failing to comply with the curfew did not serve to protect the public, which is another goal of placing a defendant

on probation. *Id.* Thus, there was "ample evidence" to support the revocation, and the trial court's doing so was not an abuse of discretion. *Id.*

¶ 32 Here, we likewise find the trial court did not abuse its discretion. The evidence was uncontroverted defendant repeatedly failed to provide either a substance abuse evaluation or proof of any treatment. The record includes a purported evaluation completed 13 months after he was ordered to complete such assessment within 60 days. Further, the court was not provided this information for 20 months after defendant was directed to do so. The record also includes a plan to address defendant's issues, but the court was provided no information that defendant was engaged in or had completed any treatment.

¶ 33 Defendant's failures to provide any documentation, or any evidence to suggest he had been treating or had completed treatment, frustrated the rehabilitative goal of probation as the trial court could not determine whether defendant was receiving appropriate treatment. Likewise, probation's other goal, protection of the public, was also likely frustrated because defendant was not receiving the care he needed.

¶ 34 Thus, there was ample evidence from which the trial court could conclude defendant failed to comply with the probation order's reporting conditions relative to the substance abuse evaluation and treatment, and that defendant failed to obtain any treatment. Defendant understood what he needed to do, and he repeatedly failed to do so. The court's findings are not against the manifest weight of the evidence, and its decision to revoke defendant's probation was not arbitrary or unreasonable and certainly not unconscionable. The court's revocation of defendant's probation was, therefore, not an abuse of discretion.

¶ 35 C. The Sentence Was Not Unauthorized

¶ 36          Defendant suggests the trial court imposed a sentence not authorized by section 5-6-4(j) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-6-4(j) (West 2020)). He claims the aggregate sentences of two consecutive terms of four years on each count plus the single two-year term of probation total six years, yet the maximum period of incarceration for each offense is five years.

¶ 37          Defendant did not raise this issue before the trial court or in his postrevocation motion, which is generally required to preserve error for review. *People v. Chapman*, 194 Ill. 2d 186, 225 (2000). Failing to raise such an error is a procedural default, but some errors can be reviewed if we determine plain error has occurred. *Id.* at 226. The plain error doctrine "allows a reviewing court to reach a forfeited error affecting substantial rights in two circumstances." *People v. Herron*, 215 Ill. 2d 167, 178 (2005). The "doctrine bypasses normal forfeiture principles and allows a reviewing court to consider unpreserved error when either (1) the evidence is close, regardless of the seriousness of the error, or (2) the error is serious, regardless of the closeness of the evidence." *Id.* at 186-87. Though the doctrine is "nonconstitutional," it "has roots in the same soil as due process." *Id.* at 177. "Fairness, in short, is the foundation of our plain-error jurisprudence." *Id.* Its "purpose is to protect the rights of the defendant and the integrity and reputation of the judicial process." *Id.* Defendant asserts error under the second prong of the doctrine.

¶ 38          However, before we determine if the plain error exception to forfeiture applies, we first determine if any "clear or obvious error occurred" at all. *People v. Birge*, 2021 IL 125644, ¶ 24. If we find no clear or obvious error, there is no plain error basis to avoid procedural default. *Id.* ¶ 42. We find no such error here.

¶ 39 Each count of unlawful possession of methamphetamine, as Class 3 felonies, subjected defendant to statutory maximum periods of imprisonment of five years. 720 ILCS 646/60(b)(1) (West 2020); 730 ILCS 5/5-4.5-40(a) (West 2020). "When an offender is re-sentenced after revocation of probation that was imposed in combination with a sentence of imprisonment for the same offense, the aggregate of the sentences may not exceed the maximum term authorized under Article 4.5 of Chapter V." 730 ILCS 5/5-6-4(j) (West 2020).

¶ 40 Even if this court assumes, as defendant suggests, that his sentence was a combined sentence as contemplated by section 5-6-4(j) of the Unified Code, the aggregate of the combined sentence was not 12 years. The trial court placed defendant on two years' probation, not four. He was then resentenced to two consecutive four-year terms of imprisonment. The imposition of this sentence (two consecutive four-year terms after the imposition of a failed two-year term of probation) does not exceed the statutory maximum prison term of five years per offense set forth in section 5-4.5-40(a) of the Unified Code (730 ILCS 5/5-4.5-40(a) (West 2020)).

¶ 41 Defendant provides no authority or rationale showing the result amounts to six years on each count. In addition, he provides no authority demonstrating he was even given a "combination" sentence. Thus, we find no clear or obvious error, and decline defendant's invitation to undertake a plain error review.

¶ 42                                    III. CONCLUSION

¶ 43 For the foregoing reasons, we affirm the trial court's judgment.

¶ 44 Affirmed.