THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MIKE BRAMLETT, Defendant-Appellant.

Fourth District No. 4—83—0171

Opinion filed November 1, 1983.—Rehearing denied December 7, 1983.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE MILLS delivered the opinion of the court:

Reimbursement for court-appointed attorney fees.

Is the statute valid?

Yes.

Was it properly applied here?

No.

We reverse and remand.

Bramlett challenges a judgment for reimbursement for attorney fees entered against him pursuant to section 113—3.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 113—3.1). Both the validity of the statute and the propriety of the particular judgment are placed in issue.

We uphold the validity of section 113—3.1, but reverse the judgment for the reasons stated herein.

Bramlett was charged by complaint with the offense of driving with a suspended license. The public defender was appointed to represent him. Bramlett pleaded not guilty and demanded a jury trial. But the jury announced that it could not reach a verdict, and the trial judge declared a mistrial. On the State's motion, the charge was dismissed and the trial court entered judgment against Bramlett in the amount of $462.50 as reimbursement for the services of the public defender, pursuant to section 113—3.1.

Bramlett raises several issues in challenge to the judgment for reimbursement. *First*, he asserts that section 113—3.1 violates due process because it applies to defendants who have not been convicted, it does not require prior notice to a defendant that he may be compelled to pay for the services of the public defender, and it does not require a finding that a defendant is able to pay for said services. *Second*, he argues that the judgment for reimbursement entered in this cause constituted an abuse of discretion in that the evidence showed he had no ability to pay reimbursement, and the amount of reimbursement was based upon an arbitrary hourly rate rather than upon the county's actual cost of providing representation by the public defender. *Third*, he contends that the judgment was not authorized by terms of section

113—3.1, because the decree was not preceded by a payment order.

I

■■ The constitutional issues raised by Bramlett in the instant appeal were recently addressed and resolved by this court in *People v. Kelleher* (1983), 116 Ill. App. 3d 186, 452 N.E.2d 143. Section 113—3.1 authorizes the trial court to require criminal defendants, who have been appointed counsel because of their indigency, to pay a reasonable sum to reimburse the county for some or all of the costs incurred in furnishing counsel. The statute does not limit the availability of recoupment to cases in which a defendant has been convicted. In *Kelleher*, an order of recoupment was entered against a defendant who had been acquitted. An issue on appeal was whether this application of the statute violated due process. This court held that it does not offend due process to require an acquitted defendant to reimburse the court for the costs of his legal representation, but merely puts indigents and nonindigents who are acquitted on the same basis. In the present case, Bramlett's trial resulted in a mistrial rather than acquittal, but the rationale set forth in *Kelleher* applies with equal force. We conclude that the application of section 113—3.1 to Bramlett, whose trial terminated in a declaration of mistrial, did not work a deprivation of due process.

■■■ The second aspect of defendant's constitutional challenge focuses on the statute's alleged failure to require prior notice regarding the potential for recoupment. In *Kelleher*, as in the present case, the defendant argued that section 113—3.1 was constitutionally defective because it failed to require prior notice to a defendant that reimbursement for his legal representation could be ordered. There is no question, of course, that due process requires notice and hearing prior to any deprivation of property. (*Fuentes v. Shevin* (1972), 407 U. S. 67, 32 L. Ed. 2d 556, 92 S. Ct. 1983.) In *Kelleher*, we held that section 113—3.1 satisfies this constitutional mandate, however, because it directs that a hearing be held before the court orders appropriation of the property by authorizing recoupment. (See Ill. Rev. Stat. 1981, ch. 38, pars. 113—3.1(a), (c).) On the question of notice, this court determined that notice to a defendant of such a hearing would be inherently required. (*People v. Kelleher* (1983), 116 Ill. App. 3d 186, 190, 452 N.E.2d 143, 146.) The statute itself serves as a form of additional notice.

■■ The third aspect of defendant's constitutional attack is also addressed by *Kelleher*. Bramlett contends that the statute offends due process, because it does not require a finding that a defendant is able to pay reimbursement. The question whether such a finding is constitutionally required need not be decided here, however, for section 113—

3.1 does in fact require a finding of the defendant's ability to pay. In *Kelleher* we stated that the statute by its terms is geared to the defendant's ability to pay. (116 Ill. App. 3d 186, 189, 452 N.E.2d 143, 145.) Subsection 113—3.1(a) permits recoupment of a "reasonable sum" only. The significance of this limitation is that the statute is " 'tailored to impose an obligation only upon those with a foreseeable ability to meet it, and to enforce that obligation only against those who actually become able to meet it without hardship.' " (116 Ill. App. 3d 186, 189, 452 N.E.2d 143, 145.) As we noted in *Kelleher*, the statute does require a finding of the defendant's ability to pay, hence Bramlett's challenge in this connection must be rejected.

## II

Next, Bramlett argues that the entry of judgment for reimbursement constituted an abuse of discretion, because the evidence showed that he lacked adequate resources to meet the obligation. Judgment was entered in the amount of $462.50 against defendant, of which $100 was to be paid from his cash bond. Bramlett testified that his sole source of income was $336 per month in unemployment compensation. He stated that he had no dependents and paid $150 per month in rent. At the time of trial, he was laid off from his position of employment in an industrial plant.

Although it appears that defendant lacked a present ability to pay the entire amount of reimbursement at the time judgment was entered, this did not render the judgment improper. Bramlett's argument on this score reflects a fundamental misperception of the trial court's proper inquiry under the statute. Although reimbursement under section 113—3.1 must be geared to the defendant's ability to pay, it need not be limited to the defendant's *present* ability to pay. In *Kelleher* we determined that the statute permits the imposition of a reimbursement obligation upon a defendant with a merely "foreseeable" ability to pay. (116 Ill. App. 3d 186, 189, 452 N.E.2d 143, 145.) In the present appeal, we do not understand Bramlett to argue that he lacked a foreseeable ability to pay the judgment, but merely that he lacked the present ability to pay. In view of the fact that defendant admittedly had some disposable income and was merely laid off from his job at the time of trial, we find no error in the trial court's conclusion that Bramlett had sufficient ability to meet the reimbursement obligation imposed.

Defendant also alleges abuse on grounds that the amount of reimbursement was improperly based upon the *value* of the legal services, rather than upon the county's *cost* of providing the services. Subsection 113—3.1(a) provides in part:

"Whenever under either Section 113—3 of this Code or Rule 607 of the Illinois Supreme Court the court appoints counsel to represent a defendant, the court may order the defendant to pay to the Clerk of the Circuit Court a reasonable sum to reimburse either the county or the State for some or all of the costs of court-appointed counsel." (Ill. Rev. Stat. 1981, ch. 38, par. 113—3.1(a).)

A fair reading of this provision reflects that reimbursement may not exceed the county's actual cost in providing counsel for a defendant. The trial court is vested with discretion to compute a reasonable sum, equal to some or all of the county's cost in providing counsel, according to the circumstances of the individual case and defendant.

 In the present case, the trial judge computed reimbursement on the basis of a $50-per-hour rate. The record does not clearly indicate the basis or origin of this rate. It is clear, however, that reimbursement under section 113—3.1 must be computed with reference to the county's cost of providing the services of the public defender, rather than the value of the legal services as such. The precise formula for estimating a county's cost in this regard will vary according to the particular circumstances and organization of the public defender's office involved in the case. Factors to be considered in the calculation of this cost might include the office rental, salaries, book, equipment, supplies, and transportation costs of the public defender's office; however, this is not intended to be an exhaustive listing. The crucial point is that evidence of the county's cost of providing services of the public defender must be presented in some form, and the amount of reimbursement should be calculated on the basis of this evidence. In the case at bar, no evidence of the county's cost was offered; therefore, remandment for a redetermination of the appropriate amount of reimbursement is required.

### III

 Finally, defendant contends that the court erred in entering judgment for reimbursement, because judgment may only be entered for an amount in arrears following the issuance of a payment order under the statute. No such limitation appears within the statute and no other reason appears to impose such a limitation. Although subsection (g) of the statute permits the entry of judgment for an arrearage in payments following a payment order, it does not prohibit the trial court from entering judgment in the first instance. Moreover, we fail to see how any prejudice to the defendant would result from this procedure, since noncompliance with a payment order would subject the defendant

to sanctions available pursuant to the court's contempt powers, whereas the nonpayment of a judgment for reimbursement would merely expose him to civil enforcement alternatives. We conclude that section 113—3.1 permits the trial court to select the most appropriate vehicle for imposing a reimbursement obligation, according to the circumstances of the case.

 The State asserts that each of the foregoing allegations of error is waived due to the failure of the defense to present the issues to the trial court. The defendant responds, to the contrary, that the waiver rule should not be applied, because defense counsel's failure to raise these issues constituted ineffective representation. We cannot agree that counsel's failure to raise these particular issues constituted ineffective representation, however, absent some authority to compel such a conclusion. Moreover, the record reveals that counsel undertook significant efforts to demonstrate the weakness of defendant's financial condition and to persuade the trial court to take the matter under advisement.

 Nevertheless, we decline to apply the waiver rule. The record shows that defendant personally challenged the validity of the judgment in a written communication to the judge shortly after the entry of judgment. Further, the issues presented involve significant questions of public interest. Under these circumstances, the waiver rule should not be applied.

 We note in passing that counsel for the defendant is placed in an unusual and perhaps awkward situation when he is compelled to give evidence which forms the basis for his client's reimbursement obligation under section 113—3.1. The lawyer's participation in such proceedings should be undertaken with caution, giving proper consideration to his duties both as an advocate for his client and as an officer of the court. Although counsel may properly be compelled to give evidence relating to the cost of the legal services provided, he remains free to argue that this cost should not be imposed upon his client.

For the reasons stated herein, we reverse the judgment and remand for redetermination of the proper amount of reimbursement in accordance with the provisions of section 113—3.1.

Reversed and remanded.

TRAPP and MILLER, JJ., concur.