THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RUSSELL PUMPHREY, Defendant-Appellant.

Fourth District   No. 4—83—0705

Opinion filed April 5, 1984.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Robert J. Biderman and Marlene Newton, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE MILLS delivered the opinion of the court:

Pumphrey was convicted of attempted armed violence and placed on probation for three years. His probation was later revoked, and he was sentenced to four years' imprisonment. He was also ordered to pay $300 as reimbursement for the cost of providing a public defender.

On appeal, Pumphrey does not challenge either his conviction, his probation revocation, or his prison sentence. These we affirm.

He does, however, contend (1) that the order for reimbursement of appointed counsel fees is unconstitutional, (2) that the trial court erred by imposing the obligation upon him to pay such reimbursement without a hearing, and (3) that the trial court erred by ordering that his bond deposit in a separate, dismissed case be used for reimbursement of public defender fees in this case.

I

■ We recently addressed Pumphrey's first issue in *People v. Kelleher* (1983), 116 Ill. App. 3d 186, 452 N.E.2d 143, where we expressly found that section 113—3.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 113—3.1) was constitutional. No error.

II

■ Pumphrey next contends that the trial court erred in ordering

him to reimburse the county for the costs of the public defender in the amount of $300 since the basis of the trial court's computation of $50 per hour is not contained in the record. We agree. In *People v. Bramlett* (1983), 118 Ill. App. 3d 1056, 1062, 455 N.E.2d 1092, 1095, this court held that any reimbursement obligation under section 113—3.1 must be computed on the basis of the actual cost of providing a public defender, not upon the reasonable value of the legal services:

> "The crucial point is that evidence of the county's cost of providing services of the public defender must be presented in some form, and the amount of reimbursement should be calculated on the basis of this evidence. In the case at bar, no evidence of the county's costs was offered; therefore, remandment for a redetermination of the appropriate amount of reimbursement is required."

Our holding here is the same.

### III

■ Next, this court has held that when a motion for reimbursement of attorney fees is filed, the trial court must determine whether the defendant has the ability to pay recoupment. (*Kelleher.*) Although a strained reading of the record could indicate that the trial court found an ability to pay, it is less than clear. Upon remand, the trial court will undoubtedly consider Pumphrey's financial ability to pay and enter an appropriate order.

### IV

■ Finally, Pumphrey argues that the trial court erred by ordering that his bond deposit in a separate, dismissed case should be used for reimbursement of public defender fees in this case. Again, we agree. In our recent opinion in *People v. Martin* (1983), 120 Ill. App. 3d 581, 583, 457 N.E.2d 1372, 1373, we held that section 110—7(f) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 110—7(f)) prevents use of bond deposited in one case to satisfy financial obligations incurred in another case in which a sentence of imprisonment has been imposed:

> "Upon consideration of section 110—7 concerning the deposit of bail security in its entirety, we hold that the trial court's authority to order deductions from the bail monies is limited to those obligations arising in the case for which the bail was posted as security." (*People v. Martin* (1983), 120 Ill. App. 3d 581, 583.)

Consequently, the trial court had no authority to apply any bond de-

posit in No. 83-CM-956 to the reimbursement order in this case, and any bail deposit in No. 83-CM-956, less the 10% statutory fee, should be returned to the defendant.

For the above reasons, we vacate the reimbursement order and remand this cause for a new hearing on the motion for reimbursement in accord with this disposition.

Affirmed in part, vacated in part and remanded with directions.

TRAPP and MILLER, JJ., concur.