THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CLIF-
FORD WAYNE REYNOLDS, Defendant-Appellant.

Fourth District    No. 4—86—0406

Opinion filed January 26, 1987.—Rehearing denied March 13, 1987.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

Carol A. Pope, State's Attorney, of Petersburg (Kenneth R. Boyle, Robert J. Biderman, and James W. Ackerman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

The defendant, Clifford W. Reynolds, was found guilty at a trial by a Menard County jury of the offense of residential burglary. He was sentenced to six years in the Illinois Department of Corrections, and his bond was ordered applied to court costs and his court-appointed attorney's fees.

Defendant appeals contending: (1) he was not proved guilty beyond a reasonable doubt; (2) the circuit court erred in refusing to instruct the jury on the included offense of attempt (residential burglary); (3) the circuit court erred in refusing to instruct the jury with paragraph two of the circumstantial-evidence instruction; and (4) the circuit court erred in ordering the defendant's bond, posted by his brother, be used to pay attorney fees and the cost of an expert witness.

The alleged offense occurred on August 30, 1985, at the trailer of Vickey and Gary Gerdes located in rural Menard County. On that date, Gary Gerdes had gone to work earlier, and Vickey Gerdes left around 11 a.m., locking the door to the trailer. David Johnson, a neighbor, passed the Gerdes' trailer at approximately 11:30 a.m. He noticed a truck parked in front with the passenger door open. He stopped and wrote down the truck license plate number. Gary Gerdes returned between 4 and 4:30 p.m. finding the truck still parked in front of his trailer. He also discovered the front door of the trailer was open and called the police.

The police found that the front door had been kicked in, breaking the lock. There was a muddy shoeprint on the door. While there was no property missing, the television had been moved from the cabinet to the floor, and the VCR, with a remote control, had been placed on a dishwasher by the backdoor. Footprints were found leading from the backdoor to the woods. The Gerdes testified that they never used the backdoor.

The police found mail addressed to the defendant in the abandoned truck. The truck was registered in the name of the defendant's girl-

friend. At approximately 5:45 p.m., the police stopped a vehicle being driven by the defendant's girlfriend in the crime area, and the defendant was a passenger. After being advised of his *Miranda* rights, the defendant admitted driving the truck, stating that it had overheated. He further admitted he had walked around the trailer but he then walked to town for help through the woods rather than go to a nearby house. His feet were muddy.

At the trial, two fingerprint experts testified that a fingerprint found on the Gerdes' VCR remote control was the right thumb fingerprint of the defendant. The Gerdes testified they did not know the defendant.

Defendant argues that he has not been proved guilty beyond a reasonable doubt because it is possible that the fingerprint found on the remote control might have been impressed at a time unrelated to the offense. Defendant cites *People v. Rhodes* (1981), 85 Ill. 2d 241, 249, 422 N.E.2d 605, 608, which held "[i]n order to sustain a conviction solely on fingerprint evidence, fingerprints corresponding to the fingerprints of the defendant must have been found in the immediate vicinity of the crime under such circumstances as to establish beyond a reasonable doubt that the fingerprints were impressed at the time the crime was committed."

■ The present case is not based solely on fingerprint evidence. There is ample other evidence, including the defendant's admissions, placing him at the scene. Even if the case had been based solely on the fingerprints, the prints were found under circumstances justifying a finding that the fingerprints were impressed at the time the crime was committed. The Gerdes testified the remote control had been moved during the time of the burglary, they had possessed the remote control for over three weeks, and they did not know the defendant. No other explanation for the defendant's fingerprint being found on the remote control was given. The evidence was sufficient to justify the guilty verdict.

■ Defendant next argues that error was committed by the court's refusal to instruct the jury on the lesser included offense of attempt (residential burglary). The principle is well established that a defendant may be entitled to have a jury instructed on a lesser included offense. (*People v. Bryant* (1986), 113 Ill. 2d 497, 502, 499 N.E.2d 413, 417.) However, to be appropriate, the evidence must permit a jury to rationally find defendant guilty of the lesser offense and acquit him of the greater. *People v. Bryant* (1986), 113 Ill. 2d 497, 499 N.E.2d 413; *People v. Perez* (1985), 108 Ill. 2d 70, 81, 483 N.E.2d 250, 255, *cert. denied* (1986), 474 U.S. 1110, 88 L. Ed. 2d 931, 106 S. Ct. 898; *People v.*

*Mitchell* (1984), 105 Ill. 2d 1, 14, 473 N.E.2d 1270, 1276-77, *cert. denied* (1985), 470 U.S. 1089, 85 L. Ed. 2d 153, 105 S. Ct. 1857.

■ In this case, there is no evidence which would allow a jury to find the defendant guilty of the offense of attempt (residential burglary). The trailer home was burglarized by the defendant or someone else. There is no evidence of attempt. Where the evidence shows the accused is guilty of the higher offense or not guilty of any offense, an instruction on the lower offense is unnecessary and properly refused. *People v. Teague* (1982), 108 Ill. App. 3d 891, 906, 439 N.E.2d 1066, 1076-77, *cert. denied* (1983), 464 U.S. 867, 78 L. Ed. 2d 179, 104 S. Ct. 206; *People v. Thompson* (1976), 35 Ill. App. 3d 773, 776, 342 N.E.2d 445, 447-48.

■ Defendant next argues it was error for the court to refuse to instruct the jury with the second paragraph of Illinois Pattern Jury Instruction, Criminal, No. 3.02 (2d ed. 1981) (hereinafter IPI Criminal 2d). This instruction reads:

"Circumstantial evidence is the proof of facts or circumstances which give rise to a reasonable inference of other facts which tend to show the guilt or innocence of the defendant. Circumstantial evidence should be considered by you together with all the other evidence in the case in arriving at your verdict.

*You should not find the defendant guilty unless the facts or circumstances proved exclude every reasonable theory of innocence.*" (Emphasis added.) IPI Criminal 2d No. 3.02.

The supreme court has recently resolved this question, ruling that the second paragraph should no longer be used. (*People v. Bryant* (1986), 113 Ill. 2d 497, 499 N.E.2d 413.) Defendant's argument that this decision should be applied prospectively is without merit. The purpose of instructions is to properly instruct the jury. If an instruction is invalid in the future, the same reasoning justifies retroactive application.

■ Defendant further alleges it was error for the trial court to order the defendant's bond applied to pay his attorney fees and the cost of an expert witness. The State contends that defendant waived this argument. The issues presented involve significant questions of public interest, and we decline to apply the waiver rule. *People v. Bramlett* (1983), 118 Ill. App. 3d 1056, 455 N.E.2d 1092.

Section 113—3 of the Code of Criminal Procedure of 1963 states the procedure for the appointment of trial counsel for indigents and payment of these attorneys. (Ill. Rev. Stat. 1985, ch. 38, par. 113—3.) The procedure authorizing payment to the counties by the defendant for the court-appointed attorney is contained in section 113—3.1 (Ill.

Rev. Stat. 1985, ch. 38, par. 113–3.1). This section authorizes the trial court, after a motion and hearing, to order the defendant to pay a reasonable sum to reimburse the county for some or all of the expense of the attorney.

We have ruled that this section meets constitutional guidelines because the hearing requirement affords the defendant the prior notice and hearing required prior to the actual appropriation of property. (*People v. Kelleher* (1983), 116 Ill. App. 3d 186, 452 N.E.2d 143, *cert. denied* (1984), 466 U.S. 907, 80 L. Ed. 2d 160, 104 S. Ct. 1686; *People v. Bramlett* (1983), 118 Ill. App. 3d 1056, 455 N.E.2d 1092.) At this hearing, the court must first determine what amount, if any, the defendant is to be ordered to pay by determining the actual cost to the county and the defendant's ability to pay. (Ill. Rev. Stat. 1985, ch. 38, par. 113–3.1(a); *People v. Pumphrey* (1984), 123 Ill. App. 3d 191, 462 N.E.2d 834; *People v. Bramlett* (1983), 118 Ill. App. 3d 1056, 455 N.E.2d 1092.) If the court makes a determination authorizing payment, the court must then consider the application of any bond posted towards this amount and any special consideration to be given to the interests of relatives or other third parties who may have posted bond on the defendant's behalf. Ill. Rev. Stat. 1985, ch. 38, par. 113–3.1(c).

In this particular case, there was no hearing as envisioned by the statute. The issue was first raised by the prosecutor in the argument stage of the sentencing hearing. No evidence was presented as to the county's actual expense for the appointed counsel. There is no indication in the record of a motion or of notice to the defendant. Since the statutory procedure was not followed, we must reverse and remand this case for the hearing as required.

We are not saying that this hearing could not be conducted at the same time as the sentencing hearing. There must be a notice to apprise the defendant of the proceeding and to allow him to present any evidence on this point.

■ On remand, the court should not consider the cost of the expert witness as a cost of prosecution to be assessed under section 13 of division XIV of the Criminal Code of 1874 (Ill. Rev. Stat. 1985, ch. 38, par. 180–3). The allowance and recovery of costs rests entirely upon the statutory provisions which must be strictly construed. (*People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194.) There is no such provision for recovery of the expenses of the State's expert witness.

Affirmed in part, reversed in part, and remanded with directions.

McCULLOUGH and KNECHT, JJ., concur.