THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GARY BROWN, Defendant-Appellant.

Fourth District   No. 4—86—0471

Opinion filed April 13, 1987.

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel) for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Defendant was charged with unlawful possession of a controlled substance (heroin) with intent to deliver. (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(c).) After a jury trial, defendant was convicted of unlawful possession of heroin (Ill. Rev. Stat. 1985, ch. 56½, par. 1402) and was sentenced to 36 months' imprisonment, ordered to pay costs, a fine, and to reimburse the county $500 for the cost of his public defender. Defendant argues that it was error for the State to cross-examine him about the details of a prior offense, that he was denied a fair trial when the prosecutor in rebuttal argument referred to defendant as a liar, and that the trial court erred in ordering defendant to reimburse the county absent some proof of the cost of the public defender's services. We affirm.

The facts are well-known to the parties and will be discussed here only as pertinent to this disposition. Defendant testified in his own behalf. On direct examination, he stated that he had previously been convicted of possession of controlled substance and placed on intensive probation. January 21, 1986, was the last day of his intensive

probation. As a part of this probation, the police could search his person or vehicle at any time. Defendant further testified that Terry Weatherspoon had borrowed his car at about 12:30 p.m. and returned it to defendant at approximately 1:30 or 2 p.m.

On cross-examination, the prosecutor asked defendant if he had ever seen heroin packaged like it was packaged in the instant case. Defendant said that he had not. He was then asked whether the 1984 conviction involved heroin packaged in a like manner. Defendant stated that it did. Counsel then asked if defendant had had heroin in his car in 1984. Defense counsel objected that it was not defendant's vehicle. The court sustained the objection to the question as assuming facts not in evidence. The prosecutor rephrased, and defendant responded that the heroin was packaged similarly to that in the instant case. Defendant admitted that he had given his vehicle to Weatherspoon to use at a different time than he originally stated.

On redirect examination, defense counsel asked other questions concerning the 1984 conviction and whether defendant had testified in that cause.

In closing argument, defendant asserted that the police had fabricated their accounts of defendant's actions and Weatherspoon had planted the heroin. Counsel stated the officers lied. In rebuttal, the prosecutor stated defendant was lying.

■ Initially, defendant argues that it was error for the State to elicit details of his 1984 conviction and the rebuttal evidence exacerbated the error. Defendant objected only to a part of the questioning at trial as assuming facts not in evidence. This objection was sustained. Defendant did not otherwise object to the line of questioning. However, he raised this matter as error in his post-trial motion. Absent plain error, defendant must object at trial and raise the issue in his post-trial motion to preserve the issue for review. (*People v. Buggs* (1986), 112 Ill. 2d 284, 493 N.E.2d 332; *People v. Rios* (1986), 145 Ill. App. 3d 571, 495 N.E.2d 1103.) Also, objection on a specific ground waives any other basis for excluding the evidence. In the instant case, defendant waived review of the issue by not objecting to it during trial.

■■ While evidence of unrelated offenses is not admissible to show defendant's propensity to commit criminal acts (*People v. Stewart* (1984), 105 Ill. 2d 22, 473 N.E.2d 840), it is admissible if relevant to any other issue. Here, defendant stated that he had never seen heroin packaged in the manner in which it was found on January 21, 1986. That defendant had been convicted of possession of similarly packaged heroin refuted this statement and reflected upon defend-

ant's knowledge that the material in his vehicle on January 21, 1986, was heroin. *People v. Miller* (1976), 39 Ill. App. 3d 714, 349 N.E.2d 103.

■ Defendant next argues that he was denied a fair trial by the prosecutor's reference to him as a liar. The comment took place in rebuttal and was in response to defendant's assertion that the police were lying. Defendant did not object to the comment. In his motion for a new trial, he did not point to this comment but stated the closing argument was inflammatory. Defendant has waived review of this issue. *People v. Lucas* (1981), 88 Ill. 2d 245, 430 N.E.2d 1091.

■ Defendant next argues that the reimbursement order must be vacated as it was assessed based upon the legal value of the services and not upon an assessment of the cost to the county. (Ill. Rev. Stat. 1985, ch. 38, par. 113—3.1.) The State argues that defendant waived review of this issue and alternatively urges this court to affirm based upon *People v. Johnson* (1981), 87 Ill. 2d 98, 429 N.E.2d 497. *Johnson* is inapposite. In that cause, independent counsel was appointed to represent an indigent defendant. Here, an assistant public defender represented defendant. We address the issue based upon the reasoning in *People v. Hammer* (1983), 121 Ill. App. 3d 133, 459 N.E.2d 1.

With respect to appointed counsel other than the public defender, the court "shall order the county treasurer *** to pay *** a reasonable fee" and "shall consider all relevant circumstances, including but not limited to the time spent while court is in session, other time spent in representing the defendant, and expenses reasonably incurred." Ill. Rev. Stat. 1985, ch. 38, par. 113—3(c).

Section 113—3.1(a) of the Code of Criminal Procedure of 1963, with respect to all appointed counsel, provides in part that the court may order the defendant to pay to the clerk "a reasonable sum to reimburse either the county or the State for such representation." The court is required to consider the affidavit prepared by the defendant and any other information submitted pertaining to the defendant's financial circumstances. (Ill. Rev. Stat. 1985, ch. 38, par. 113—3.1(a).) Limitations on reimbursement are $500 for a misdemeanor charge, $5,000 for a defendant charged with a felony, or $2,500 for a defendant appealing any conviction. Ill. Rev. Stat. 1985, ch. 38, par. 113—3.1(b).

This court has previously held that reimbursement under section 113—3.1 of the Code of Criminal Procedure of 1963 must be computed with reference to the county's cost of providing the services of the public defender rather than upon the value of the services as such. Evidence of the county's cost must be presented in some form.

*People v. Pumphrey* (1984), 123 Ill. App. 3d 191, 462 N.E.2d 834; *People v. Hammer* (1983), 121 Ill. App. 3d 133, 459 N.E.2d 1; *People v. Bramlett* (1983), 118 Ill. App. 3d 1056, 455 N.E.2d 1092; Ill. Rev. Stat. 1985, ch. 38, par. 113—3.1.

In the instant cause, the trial court evaluated the reasonableness of the reimbursement amount in light of the legal services rendered. No evidence of the county's expenses was presented.

Where the trial court evaluates the *reasonableness* of the fee pursuant to section 113—3, those same standards should apply to the *reasonable* "sum to reimburse" the county, subject to the limitations that the court consider the affidavit of the defendant, the defendant's financial circumstances, and the monetary amounts ($500, misdemeanor; $5,000, felony charge; and $2,500, conviction appeal). The record in this case shows the proceeding lasted four days. Without more, this is sufficient to show the fee awarded was reasonable. It is not necessary to spell out specifically the county's costs, such as: office rental, salaries, books, equipment, supplies, and transportation. To the extent that this case is contrary to *Pumphrey*, *Hammer*, and *Bramlett*, they are overruled.

For the above reasons, we affirm defendant's conviction and sentence.

Affirmed.

GREEN and KNECHT, JJ., concur.