THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID H. TERRY, Defendant-Appellant.

Fourth District   No. 4—87—0654

Opinion filed May 26, 1988.

Daniel D. Yuhas and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

James C. Dedman, State's Attorney, of Clinton (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

A jury acquitted defendant David H. Terry of criminal damage to property. Defendant appeals the decision of the circuit court of DeWitt County ordering him to reimburse the county for the cost of his public defender's services. We vacate the recoupment order and remand for further proceedings.

Defendant was charged with the offense of criminal damage to property on June 16, 1987. Bail was set at $1,000 and defendant posted 10% of that amount as bond. An affidavit of assets and liabilities reported defendant was unemployed and married with two children. Defendant had no assets and reported a monthly liability of $175 for rent. Defendant indicated the bail bond money was borrowed. A notation in the affidavit indicates the trial judge "told [defendant] about reimbursement." A jury acquitted defendant on August 19, 1987.

Following the acquittal, the trial court held a hearing to determine the amount defendant owed the county for the public defender's services. Defendant told the court he was unemployed and had been baby-sitting at home while his wife worked as a nurse's aide in a nursing home.

The trial lasted one day and the public defender estimated he had worked on the case approximately 12 to 14 hours in and out of court. Without further consideration, the trial court assessed defendant $400 to reimburse the county for court-appointed counsel. The cash bail bond posted by defendant was to be applied to the fee assessment. Because that money was borrowed, defense counsel objected, but was overruled.

When defendant filed a notice of appeal, the trial court considered his previous testimony and determined he had insufficient funds to retain counsel for purposes of appeal. Accordingly, the State appellate defender was appointed to represent defendant at the appellate level.

Section 113—3.1 of the Code of Criminal Procedure of 1963 (Code) regulates payment for court-appointed counsel. In pertinent part the statute provides:

"(a) Whenever *** the court appoints counsel to represent a defendant, the court may order the defendant to pay to the Clerk of the Circuit Court a *reasonable sum* to reimburse either the county or the State for such representation. *In a hearing to determine the amount of the payment, the court shall consider the affidavit prepared by the defendant under Section 113—3 of this Code and any other information pertaining to the defendant's financial circumstances which may be submitted by the*

*parties. Such hearing shall be conducted on the court's own motion or on motion of the State's Attorney* \*\*\*.

(b) Any sum ordered paid under this Section may not exceed $500 for a defendant charged with a misdemeanor \*\*\*.

(c) The method of any payment required under this Section shall be as specified by the Court. Any sum deposited as money bond with the Clerk of the Circuit Court under Section 110—7 of this Code may be used in the court's discretion in whole or in part to comply with any payment order entered in accordance with paragraph (a) of this Section. The *court may give special consideration to the interests of relatives or other third parties who may have posted a money bond on the behalf of the defendant to secure his release.*" (Emphasis added.) Ill. Rev. Stat. 1985, ch. 38, pars. 113—3.1 (a), (b), (c).

■ Defendant argues the trial court erred in ordering him to pay the county $400 for the public defender's services because (1) he was given insufficient notice of the reimbursement proceeding, (2) there was no evidence presented of the county's cost to provide a public defender, and (3) the record does not show defendant had the ability to pay the attorney fees. The State contends these issues were not addressed at the trial level and are therefore waived.

Supreme Court Rule 615(a) provides: "Plain errors or defects affecting substantial rights may be noticed [on appeal] although they were not brought to the attention of the trial court." (107 Ill. 2d R. 615(a).) This provision recognizes "that the responsibility of a reviewing court for a just result and for the maintenance of a sound and uniform body of precedent may sometimes override the considerations of waiver that stem from the adversary character of our system." (*Hux v. Raben* (1967), 38 Ill. 2d 223, 225, 230 N.E.2d 831, 832.) The issues presented involved significant questions of public interest. (*People v. Reynolds* (1987), 152 Ill. App. 3d 216, 504 N.E.2d 163; *People v. Bramlett* (1983), 118 Ill. App. 3d 1056, 455 N.E.2d 1092, *overruled in other part People v. Brown* (1987), 154 Ill. App. 3d 692, 696, 506 N.E.2d 1059, 1062.) Under these circumstances, the waiver rule should not be applied.

■ Initially, defendant argues the trial court gave him insufficient notice of the recoupment hearing. Although the State did not request reimbursement, the hearing was held immediately following defendant's acquittal upon the court's own oral motion. We find no error. The statute clearly provides it is proper for such a hearing to be conducted on the court's own motion. Ill. Rev. Stat. 1985, ch. 38, par. 113—3.1(a).

Defendant complains he was not given written notice of the recoupment hearing. A notation in the record indicates defendant was told about reimbursement when his trial counsel was appointed, although the extent of his knowledge is not clear. The notation does not reveal whether defendant was advised when the hearing would occur or that reimbursement would be requested even if he was acquitted.

The constitution mandates notice and hearing prior to deprivation of a property interest. (*Fuentes v. Shevin* (1972), 407 U.S. 67, 32 L. Ed. 2d 556, 92 S. Ct. 1983.) In *People v. Kelleher* (1983), 116 Ill. App. 3d 186, 452 N.E.2d 143, *cert. denied* (1984), 466 U.S. 907, 80 L. Ed. 2d 160, 104 S. Ct. 1686, this court rejected a due process challenge to section 113—3.1 and declared that notice is inherent in the hearing requirement. The statute itself provides a form of additional notice. *Bramlett*, 118 Ill. App. 3d 1056, 455 N.E.2d 1092.

Here defendant had the benefit not only of statutory notice, but also of judicial notice. The notation on the affidavit suggests the court made some effort to advise defendant of the recoupment provisions of section 113—3.1 at the time court-appointed counsel was furnished. A more complete record would have facilitated the appellate process, but is not necessary to decide the notice issue. Whatever the exact admonishments given, defendant was made aware by the court he would have to reimburse the county for his court-appointed counsel. Under these circumstances, detailed advance written notice is not necessary. It is logical to assume reimbursement is due upon completion of the service and it is ridiculous to infer acquittal negates the debt. We find the notice given defendant was adequate because the statute itself is notice and additional notice was provided by the trial court.

■ Next, defendant contends there is no evidence the county incurred $400 in providing the public defender's services for defendant. The State argues that after *People v. Brown* (1987), 154 Ill. App. 3d 692, 506 N.E.2d 1059, evidence of the county's expenses need not be presented at a recoupment hearing.

We interpret *Brown* to have abolished only the need for a specific recitation of costs. "It is not necessary to spell out specifically the county's costs, such as: office rental, salaries, books, equipment, supplies, and transportation." (*Brown*, 154 Ill. App. 3d at 696, 506 N.E.2d at 1062.) *Brown* still demands that a sum to reimburse the county under section 113—3.1 must be reasonable under the standards enumerated in section 113—3(c) of the Code. (Ill. Rev. Stat. 1985, ch. 38, par. 113—3(c).) The trial court must consider all of the following relevant factors: the affidavit and financial circumstances of defendant; the time spent representing defendant; the nature of the

service; the expenses reasonably incurred; and the statutory limitations. *People v. Cozad* (1987), 158 Ill. App. 3d 664, 511 N.E.2d 211; *Brown*, 154 Ill. App. 3d 692, 506 N.E.2d 1059.

■ At the recoupment hearing the public defender testified he spent between 12 and 14 hours on the case. Defendant indicated he was unemployed with two children and a working wife. Defendant had previously filed a statement of assets and liabilities in which he did not list any income or assets. His only liability was monthly rent of $175. The record does not indicate the court considered this statement in conjunction with the reasonableness of the fee. Because the trial court did not jump through the necessary statutory hoops, the recoupment order must be vacated.

For similar reasons we agree with defendant's final argument the trial court erred in failing to consider his ability to pay the recoupment order of $400.

■ Section 113—3.1 of the Code authorizes the court to order defendant to pay the county a "reasonable sum" for his court-appointed counsel. The statute is geared to a defendant's ability to pay, but need not be limited to his present financial status. (*Bramlett*, 118 Ill. App. 3d 1056, 455 N.E.2d 1092; *Kelleher*, 116 Ill. App. 3d 186, 452 N.E.2d 143.) Defendant's ability to pay must be reasonably foreseeable. (*People v. Phillips* (1986), 150 Ill. App. 3d 531, 502 N.E.2d 80, *cert. denied* (1987), 482 U.S. 907, 96 L. Ed. 2d 378, 107 S. Ct. 2486.) The mere fact defendant is employable does not make it foreseeable he will be able to comply with a particular reimbursement order. *People v. Tillery* (1986), 141 Ill. App. 3d 610, 490 N.E.2d 967.

Defendant is young, foreseeably employable and married to a working woman. It is proper for the court to consider the fact a defendant's wife is employed when determining his ability to pay a recoupment fee. *People v. Brewer* (1983), 118 Ill. App. 3d 189, 454 N.E.2d 1023, *cert. denied* (1984), 469 U.S. 930, 83 L. Ed. 2d 261, 105 S. Ct. 324.

■ Unfortunately, the record in this case is devoid of any showing the trial court considered defendant's capacity to compensate the county for the public defender's services. We do not know if the trial judge considered defendant's financial affidavit, if the court thought it was reasonably foreseeable defendant would be able to afford the fee, if the interests of the third party who posted bond on behalf of defendant were considered, or if the employment of defendant's wife was a factor in the judge's decision to issue defendant a recoupment order $100 shy of the statutory maximum.

■ It is essential the trial court create a complete record. The

490

necessity is even greater when the proceeding is statutorily mandated. Pursuant to Supreme Court Rule 615(b) (107 Ill. 2d R. 615(b)), we vacate the trial court's reimbursement order and remand for further proceedings consistent with this opinion.

Vacated and cause remanded.

McCULLOUGH and SPITZ, JJ., concur.