THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY WAYNE NASH, Defendant-Appellant.

Fourth District   No. 4—88—0291

Opinion filed May 25, 1989.

Daniel D. Yuhas and M. Jeffrey Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and J.A.C. Knuppel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

This case comes on appeal from the circuit court of Champaign County. Defendant was convicted of indecent solicitation of a child, ordered to pay restitution, and reimburse the county for the cost of his appointed defense attorney. Defendant appeals his conviction and the orders of restitution and recoupment.

The defendant Wayne Nash was charged by indictment on November 19, 1987, with the offense of attempt (aggravated criminal sexual abuse). On January 7, 1988, he was charged by information with indecent solicitation of a child. On November 24, 1987, at the arraignment of defendant, the presiding judge entered a reimbursement order requiring defendant to reimburse the county for $1,000 in monthly installments of $25 for the costs of providing court-appointed representation.

On January 11, 1988, defendant's motion to dismiss the attempt charge was denied. On February 17, 1988, defense counsel, arguing that the indecent solicitation statute violated the separation of powers doctrine and was unconstitutionally vague, filed a motion to dismiss this charge. This motion was dismissed immediately prior to the bench trial. At trial, the parties entered into a stipulation. The stipulation was to the effect that the defendant, while a custodian in an elementary school, on October 22, 1987, prepared a note and placed it inside the desk of a 10-year-old student. The note read as follows:

"Hi Jessika!

I like you. You are real nice.

May I see you *naked*? Please?! You can see me naked, too, if you like—OK?

I won't hurt you. We will just look and touch—OK? Please say yes. It will feel good and nobody will know. OK? Please answer. I like you!

*A BOY*"

The State rested following the presentation of the stipulation, and the court granted defense counsel's motion for a directed verdict on the attempt charge but denied a directed verdict on the indecent solicitation charge. Defendant then testified that although he wrote the note he had no intention of engaging in the activity described in it. The court found defendant guilty of indecent solicitation of a child.

The court sentenced defendant to a jail term of 80 days and a probationary term of 30 months. In addition, the court ordered that the remainder of defendant's bond, approximately $300, be applied to restitution to the victim and defendant be responsible for additional restitution not to exceed $1,500. The court then affirmed the previous order requiring defendant to reimburse the county for $1,000 for his representation by court-appointed counsel.

We first consider the State's motion to supplement the record on appeal by adding an amended certificate of probation dated November 7, 1988, and filed November 28, 1988. The State filed this motion pursuant to Supreme Court Rule 329 (107 Ill. 2d R. 329), which provides

a mechanism by which parties may supply omissions, correct errors, and settle disputes about whether the record on appeal accurately reflects what occurred at trial. This rule has been construed to authorize supplementation of the record only with documents that were actually before the trial court. *Johnson v. Matviuw* (1988), 176 Ill. App. 3d 907, 531 N.E.2d 970.

The amended certificate provides that defendant will make a restitution payment of $123 to the county clerk as reimbursement for the victim's counseling within the first 12 months of probation. The amended certificate is germane to the issue of whether the trial court entered restitution in a fixed amount, and defendant has not objected to the supplementation. For this reason we grant the motion to supplement.

Defendant argues that section 11—6 of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 11—6) fails to give adequate notice of the conduct which it seeks to prohibit. The section provides:

"Indecent solicitation of a child. (a) Any person of the age of 17 years and upwards who solicits a child under the age of 13 to do any act, which if done would be aggravated criminal sexual assault, criminal sexual assault, aggravated criminal sexual abuse or criminal sexual abuse, commits indecent solicitation of a child.

(b) It shall not be a defense to indecent solicitation of a child that the accused reasonably believed the child to be of the age of 13 and upwards.

(c) Sentence.

Indecent solicitation of a child is:

(1) a Class A misdemeanor when the act, if done, would be criminal sexual abuse;

(2) a Class 4 felony when the act, if done, would be criminal sexual assault, aggravated criminal sexual assault, or aggravated criminal sexual abuse." Ill. Rev. Stat. 1987, ch. 38, par. 11—6.

Defendant contends that when this section is considered in relation to the definition of "solicit" contained in section 2—20, the result is unconstitutionally vague. " 'Solicit' or 'solicitation' means to command, authorize, urge, incite, request, or advise another to commit an offense." Ill. Rev. Stat. 1987, ch. 38, par. 2—20.

Defendant contends that, read together, the statute and the definition would lead a reader of common intelligence to believe the statute proscribed only the act of soliciting a child to become the perpetrator of one of the enumerated crimes. Alternatively, he argues it

creates confusion by allowing the State to charge a defendant whether the child is solicited to be the victim or the perpetrator of the underlying sex offense.

Defendant's dilemma is largely illusory. Common sense dictates that a statute which deals with sex crimes against children would not deal with the children as perpetrators only and leave them unprotected as victims. The language of the statute clearly focuses on the nature of the act itself, not the roles of the perpetrator and victim (in defining the offense). Even if, as defendant contends, the language of the statutory section when literally applied would not prohibit defendant's act. Section 2—.5 of the Criminal Code of 1961 provides: "For the purposes of this Code, the words and phrases described in this Article have the meanings designated in this Article, except when a particular context clearly requires a different meaning." (Ill. Rev. Stat. 1985, ch. 38, par. 2—5.) The case before this court on appeal is such a circumstance. The committee comments to section 11—6 state:

"Section 11—6 completes the trio of provisions aimed at adult-child sexual crimes. It proscribes a narrow class of acts—the invitation or solicitation of a child to engage in some sexual act condemned in either of the two preceding sections. It is intended to cover cases which fall short of coverage by the attempt provisions." Ill. Ann. Stat., ch. 38, par. 11—6, Committee Comments, at 291 (Smith-Hurd 1979).

The committee comments make plain two things. First, the intent of the statute is to prevent any adult-child sexual crimes. Second, the comment indicates the statute is intended to stop any enticement or encouragement of children into an illicit sexual act. It does so not only by the use of the word "solicitation" but also "invitation," clearly indicating that any type of encouragement is forbidden under this statute.

As for defendant's argument the statute as written can be read to allow prosecutors to file charges whether the child in question is a victim or a perpetrator, defendant is avoiding the point of the statute. The crime in question here is solicitation. It is inconsequential whether the child is solicited to assume the role of the perpetrator or the victim. The State has a strong legitimate interest in protecting children from any kind of solicitation no matter what the nature of the sex act or the role the child is to assume.

Defendant has also argued the prosecutor in an indecent solicitation action has unbridled discretion to charge a defendant under section 11—6(c)(1), a Class A misdemeanor, or under section 11—6(c)(2), a Class 4 felony, depending on the seriousness of the underlying crime.

Specifically, defendant points out subsection (1) involves criminal sexual abuse and subsection (2) involves aggravated criminal sexual abuse. Since the age requirements to be charged under section 11—6 are considered an aggravating element of criminal sexual abuse, defendant has argued this allows the prosecutor too great a discretion in whether he chooses to charge the crime as a misdemeanor or a felony.

First, it is difficult to see how defendant is harmed by the situation in which he finds himself. Since the ages of the perpetrator (over 17) and the victim (under 13) are both elements of solicitation and elements of aggravation for criminal sexual abuse, it appears that solicitation involving criminal sexual abuse is always aggravated and can always be charged as a felony. When any discretion is involved it can only be to the benefit of the defendant, since the exercise of prosecutorial discretion is not to raise a misdemeanor to a felony but rather to reduce a felony to a misdemeanor. Furthermore, defendant has not cited any authority to show that such an exercise of discretion is improper when given to the prosecutor.

The State's Attorney has always enjoyed a wide discretion in both the initiation and the management of criminal litigation. That discretion includes the decision whether to initiate any prosecution at all as well as to choose which of several charges shall be brought. (*People ex rel. Carey v. Cousins* (1979), 77 Ill. 2d 531, 397 N.E.2d 809.) The State is permitted to prosecute a defendant for two separate offenses with two different penalties based on the same conduct. The State's Attorney as the representative of the people is vested with discretion to evaluate evidence and other pertinent factors in determining which offenses properly should and can be charged. It is not a violation of due process for the State's Attorney to possess a certain amount of discretion. *People v. Sephus* (1986), 150 Ill. App. 3d 272, 501 N.E.2d 175.

In this situation, the degree of solicitation charged, felony or misdemeanor, depends on the prosecutor's designation of what the underlying crime, if completed, would have been charged as. Since the prosecutor clearly has that discretion in regard to the crimes themselves, that is, he has the discretion to decide whether to charge criminal sexual abuse or aggravated criminal sexual abuse, it only naturally follows that he has similar discretion when making a decision to file charges under the solicitation statute.

Defendant next complains the court's order of restitution was improperly made. The court's original sentencing order of April 18, 1988, provided defendant would be responsible for the cost of any

counseling the victim and her family might require. Three hundred dollars of defendant's bond was set aside for this purpose, and defendant was to be liable for another $1,500 if required. Payment was to be coordinated by the Court Services Department. On November 7, 1988, in the amended certificate of probation, the court ordered defendant to pay the sum of $123 within the first 12 months of probation.

This court has previously dealt with restitution orders in *People v. White* (1986), 146 Ill. App. 3d 998, 497 N.E.2d 888. There the trial court had entered an order which was subject to increase at a later date, which required further hearings to fix the exact amount of restitution and to make a determination of defendant's ability to pay. Consequently, this court held the order did not fix a clear and definite sentence which would not require further judicial action prior to enforcement. As such it was contrary to the requirements of the restitution statute. Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—6.

■ We do not find the order here suffers from the same infirmities as did the order in *White*. The court here fixed the limit of defendant's restitution, and this could not be increased. The order was certain enough that it could be enforced without further judicial action. Additionally, the court at a later date entered its amended order of probation. We believe this effectively fixed defendant's liability to his victim at $123. We find it does not allow for any further payment to the victim, and defendant is entitled to the difference between this amount and the $300 withheld from his cash bond. The amended certificate of probation also answers defendant's arguments concerning the failure of the court to establish a definite time of payment and the basis on which the amount of payment is determined. The amended certificate states payment shall take place within one year of the start of probation. The amount of restitution is based on the actual expenses the victim incurred in counseling and the statement from the hospital where counseling took place has been admitted to the record.

As a final issue, defendant questions the court's order of recoupment to the county for legal services provided to defendant by court-appointed counsel. Section 113—3.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 113—3.1) provides for the reimbursement of the county by an indigent defendant for legal costs incurred by the county in the course of providing legal defense to the defendant. In this case, the court ordered defendant to pay $1,000 to reimburse the county for his legal fees.

This court has held that section 113—3.1 of the Code of Criminal

Procedure of 1963 authorizes a court to order a defendant to pay the county a reasonable sum for his court-appointed counsel. (Ill. Rev. Stat. 1987, ch. 38, par. 113—3.1; *People v. Terry* (1988), 170 Ill. App. 3d 484, 524 N.E.2d 685.) Section 113—3.1 requires the court to consider the defendant's financial affidavit and any other information the parties wish to present. In *Terry*, this court vacated and remanded the recoupment order because the court did not indicate it had considered the defendant's financial affidavit in conjunction with the reasonableness of the costs the defendant was being ordered to pay. In *People v. Brady* (1988), 172 Ill. App. 3d 1079, 527 N.E.2d 590, this court again vacated and remanded a recoupment order where the record showed the court's determination of the defendant's ability to pay was based solely on the bond posted.

In this case, the order of recoupment was made on November 24, 1987, the day defendant was arraigned. At that time, the defendant and others charged with crimes were present in court for arraignment. The presiding judge informed those defendants who had a public defender appointed that they would be subject to a $1,000 order of recoupment to be paid at the rate of $25 per month and entered an order as to each individual. The trial court did not indicate it considered the statutory factors, and in effect entered a blanket order as to all the defendants present.

At the sentencing hearing on April 18, 1988, the trial court indicated it had this defendant's affidavit before it and had considered defendant's financial resources. The public defender stated his office had provided about 10 hours of service to defendant. Defendant did not object or offer any further evidence to the court. The court then affirmed the earlier order of recoupment.

■ While in the past we have declined to apply the waiver rule in recoupment cases, we have not always done so. (*E.g., People v. Van Ostran* (1988), 168 Ill. App. 3d 517, 522 N.E.2d 851.) When we have declined to apply waiver by a defendant, we have clearly indicated we did so as an exercise of our discretion. It is solely within the discretion of the reviewing court to consider alleged errors not raised or presented at trial, even if such errors affected substantial rights. *People v. McCullum* (1977), 66 Ill. 2d 306, 362 N.E.2d 307.

■ We will apply the waiver rule here. After the initial recoupment order was entered, defendant had a second recoupment hearing after sentencing. The court indicated that it had before it the defendant's financial affidavit and other relevant information. The defendant did not object to the order or accept the court's invitation to present any additional evidence. Section 113—3.1 clearly places the burden on

the parties to come forward with any evidence they wish to have considered by the court. (Ill. Rev. Stat. 1987, ch. 38, par. 113—3.1.) In this case, where the court specifically inquired of defendant if there was anything else he wanted the court to consider and he replied there was nothing, defendant was given every opportunity to state his case and did not do so. For this reason we do not feel compelled to give defendant a second chance to argue here what he should have presented at trial and hold that it is waived.

Even had defendant not waived this issue, he would have failed on the merits. Section 113—3.1 as to the hearing provides in part:

> "Such hearing shall be conducted on the court's own motion or on motion of the State's Attorney at any time after the appointment of counsel but no later than 90 days after the entry of a final order disposing of the case at the trial level." (Ill. Rev. Stat. 1987, ch. 38, par. 113—3.1(a).)

Here, not only was reimbursement set at the time of arraignment, it was also heard at the time of sentencing, in effect allowing defendant two opportunities to object.

This is not a case like *Terry* (170 Ill. App. 3d 484, 524 N.E.2d 685), where the court did not indicate it had considered defendant's affidavit. Here the court stated it had before it the defendant's affidavit and other relevant information. Unlike *Brady* (172 Ill. App. 3d 1079, 527 N.E.2d 590), the court here had a reasonably complete picture of the defendant's financial situation and defendant was employed at the time of the hearing. On this basis it found the defendant was capable of paying $25 a month towards the recoupment order.

■■ The court in this case complied with the statutory requirements of section 113—3.1. These are (1) the court have the defendant's financial affidavit before it, and (2) it consider any evidence the parties may submit. In *Terry*, this court held that a court must strictly comply with the statutory requirements and make a record that it has done so. (*Terry*, 170 Ill. App. 3d at 489, 524 N.E.2d at 689.) Here the record shows the court considered the affidavit and other relevant information and the defendant declined to offer any additional information. The court therefore complied with the statute.

■■ In *Terry*, this court also held the court's order must be reasonable in amount and that reasonableness was to be determined under section 113—3(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 113—3(c)). (*Terry*, 170 Ill. App. 3d at 488, 524 N.E.2d at 688.) This court listed the factors to be considered in determining reasonableness: the affidavit and financial circumstances of the defendant, the time spent representing the defendant,

the nature of the service, the expenses reasonably incurred, and the statutory limitations. In this case, the record indicates the court considered the affidavit and financial circumstances of the defendant, the time spent representing the defendant, and the nature of the representation. Though the record does not indicate the court had considered all possible factors, it did substantially comply with the requirements of *Terry*. Nothing in our previous opinions requires strict compliance and the creation of a complete record as to the issue of reasonableness. Substantial compliance is sufficient. This is in contrast to the requirements of section 113—3.1, which, as discussed above, require strict compliance and the creation of a record the court considered the financial affidavit and any other information the parties submitted to the court.

For the reason that defendant has waived his argument on recoupment and the other reasons discussed above, we affirm the decision of the circuit court.

Affirmed.

KNECHT and SPITZ, JJ., concur.