**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 190172-U

Order filed January 11, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0172 Circuit No. 17-CF-575 |
| WADE W. WILSON, | ) ) ) | Honorable Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE DAUGHERITY delivered the judgment of the court.
Presiding Justice O'Brien and Justice Lytton concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The circuit court did not abuse its discretion (1) by admitting other-crimes evidence, and (2) in refusing a lesser-included offense instruction.

¶ 2     Defendant, Wade W. Wilson, appeals his conviction for armed robbery. Defendant argues that the Peoria County Circuit court erred in allowing evidence of other crimes and refusing an instruction on attempted armed robbery. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    The State charged defendant with armed robbery (720 ILCS 5/18-2(a)(2) (West 2016)). The matter proceeded to a jury trial where the State pursued a conviction on an accountability theory.

¶ 5    Drake Davis testified that defendant contacted him through Facebook messenger and arranged to meet him at a gas station in order to purchase marijuana from Davis. When defendant arrived at the gas station, Davis approached his vehicle and defendant asked him to sit in the back seat of the vehicle. There was an individual in the front passenger seat, later identified as Kareem Dixon. They drove to another location. Defendant "said he was sorry he had to do this." Dixon pointed a handgun at Davis's face and demanded that Davis "empty out [his] pockets, take off [his] shoes, even [his] phone, [his] wallet." When asked what was actually taken from him, Davis replied "[a] half ounce of marijuana. My wallet. My bank card. My Social Security card. Wallet. And my phone." The State admitted into evidence, and Davis identified, a Facebook message he received from defendant after the robbery which stated "I'm glad that shits over bro I just was forced to poke like five people because of that shit!! PS I save ur wallet and phone so if u can read this."

¶ 6    Detective Lee Hoffman testified that defendant described the weapon and showed him a photograph of the gun on his phone. The State admitted into evidence photographs obtained from defendant's phone showing defendant with the gun utilized in the robbery. Defendant also told Hoffman where he would be able to find the gun.

¶ 7    Outside the presence of the jury, defendant objected to the introduction of portions of his recorded interview with the police wherein he discussed other crimes. The State argued initially that it was admissible to prove defendant's knowledge and intent to rob Davis and later that it also showed a common plan or scheme between defendant and Dixon to rob people. The court

2

noted that the discussion of other crimes was "pretty inflammatory stuff," but also noted that "[e]verything is prejudicial when it comes in against the defendant." The court found most of the other-crimes evidence to be too prejudicial and excluded it, but the court determined the State could admit a portion wherein defendant discussed a prior robbery with Dixon.

¶ 8        Lieutenant Chris Watkins testified that he interviewed defendant and defendant explained that he had been involved in a prior, separate robbery with Dixon. The State introduced the recording of the portion of Watkins's interview with defendant wherein he discussed the other robbery. Subsequently, the court instructed the jury that "Evidence has been received that the defendant has been involved in conduct other than that charged in the indictment. This evidence has been received on the issue of the defendant's intent and knowledge and may be considered by you only for that limited purpose."

¶ 9        Defense counsel proposed a jury instruction on attempted armed robbery. The State argued that defendant was not entitled to that instruction because there was no evidence to contradict the fact that the robbery was completed. The court refused the instruction.

¶ 10        The jury found defendant guilty. Defendant moved for a new trial, arguing, in part, that the court erred in allowing other-crimes evidence and refusing his proposed jury instruction. The court denied the motion. The court sentenced defendant to a term of 21 years and 6 months' imprisonment. Defendant appeals.

¶ 11                                II. ANALYSIS

¶ 12                            A. Other-Crimes Evidence

¶ 13        Defendant argues that the circuit court abused its discretion in admitting the portion of defendant's recorded interview wherein he discussed a prior, separate robbery. Defendant asserts

3

that the weakness of the State's case exacerbated the prejudice of admitting the evidence and that the purported bases for admitting the evidence, intent and *modus operandi*, were not at issue.

¶ 14     The decision to admit other-crimes evidence is reviewed for an abuse of discretion. *People v. Donoho*, 204 Ill. 2d 159, 182 (2003). An abuse of discretion exists when the court's decision is arbitrary, fanciful or unreasonable or when no reasonable person would take the position of the circuit court. *Id.* Generally, evidence of a defendant's prior crimes is inadmissible because it is so persuasive of defendant's propensity to commit crimes that it becomes unfairly prejudicial. *Id.* at 170. Illinois Rule of Evidence 404(b) (eff. Jan. 1, 2011) permits character evidence for "purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." But, other-crimes evidence "may still be excluded from evidence if its prejudicial effect substantially outweighs its probative value." *People v. Petrakis*, 2019 IL App (3d) 160399, ¶ 22; see also Ill. R. Evid. 403 (eff. Jan. 1, 2011).

¶ 15     Here, the State pursued the armed robbery charge on an accountability theory. To hold defendant accountable for Dixon's conduct, the State needed to prove that defendant "with the intent to promote or facilitate" the armed robbery, solicited, aided, abetted, agreed, or attempted to aid Dixon in the planning or commission of the armed robbery. See 720 ILCS 5/5-2(c) (West 2016). Thus, defendant's intent was an element the State needed to prove. Even if we accept defendant's contention that he did not put his intent at issue, "the State can introduce otherwise admissible other-crimes evidence to prove intent even where the defendant does not put intent directly in issue." *People v. Davis*, 2019 IL App (1st) 160408, ¶ 63. The prior robbery defendant committed with Dixon is highly probative of defendant's intent in this matter to promote or facilitate the armed robbery of Davis. Further, the court gave a limiting instruction regarding this evidence, which limited any potential prejudice and defendant makes no argument that the jury

4

failed to follow the instruction. See *Petrakis*, 2019 IL App (3d) 160399, ¶ 24. Additionally, the court carefully weighed the prejudicial nature of the other-crimes evidence and excluded several other-crimes evidence that the State sought to introduce. Based on the foregoing, we cannot say that the court abused its discretion by admitting other-crimes evidence.

¶ 16                                    B. Jury Instruction

¶ 17        Defendant argues that the court erred in rejecting his proposed jury instruction on a lesser included offense—attempted armed robbery.

¶ 18        A court's rejection of a lesser included offense jury instruction is reviewed for an abuse of discretion. *People v. Eubanks*, 2019 IL 123525, ¶ 72. "When determining whether a defendant is entitled to a jury instruction on a lesser included offense, the trial court is to consider whether there is some evidence in the record that, if believed by the jury, will reduce the crime charged to a lesser offense." *Id.*

¶ 19        Here, there was no evidence that the armed robbery was incomplete, and the only evidence presented established that the offense was completed. Specifically, Davis testified that his phone and wallet were taken. Defendant messaged Davis saying that he saved Davis's wallet and phone. Moreover, on appeal, defendant acknowledges the armed robbery was complete by stating in his brief that "It is undisputed that on June 29, 2017, *** Davis was robbed of his wallet and cell phone ***." Therefore, there was no evidence to allow the jury to find defendant guilty of attempted armed robbery and the attempt instruction was properly refused. See, *e.g.*, *People v. Reynolds*, 152 Ill. App. 3d 216, 219 (1987) (determining that there was no evidence to allow the jury to find the defendant guilty of attempted residential burglary because the home was burglarized by defendant or someone else and stating "[w]here the evidence shows the

5

accused is guilty of the higher offense or not guilty of any offense, an instruction on the lower offense is unnecessary and properly refused").

¶ 20                                              III. CONCLUSION

¶ 21              The judgment of the circuit court of Peoria County is affirmed.

¶ 22              Affirmed.